**EVANS, A Minor, Plaintiff-Appellant, v. EVANS, A Minor, Defendant-Appellee.**

Ohio Appeals, Fourth District, Ross County.

No. 462.   Decided April 22, 1959.

Tom Reed, for plaintiff-appellant.
David M. Phillips, for defendant-appellee.

## OPINION

By THE COURT.

Plaintiff-appellant, a minor eighteen years of age, by her mother and next friend, Ruby Ogle, brought an action in the Court of Common Pleas of Ross County, Ohio, seeking a divorce, custody of a minor child and other equitable relief. Defendant-Appellee, also a minor, and his father were both duly served with process as required by the provisions of §2703.13 R. C.  The parties will be hereinafter referred to as plaintiff and defendant.

Defendant, by his father and next friend, filed an answer and cross-petition praying for a decree of divorce, custody of the minor child and equitable relief.  Plaintiff and her mother were both served with process as required by law.

Prior to any further proceedings in the case, the following entry appears of record:

"Now comes the plaintiff, by her attorney, and respectfully moves

the court to withdraw her petition hereinbefore filed and, upon agreement of counsel of the respective parties, said motion is hereby sustained and said Petition is ordered withdrawn instanter."

Thereupon, defendant filed an amended cross-petition praying for a divorce, custody of the minor child and equitable relief. Upon application of counsel for defendant, the father, Seth Evans, was appointed Guardian Ad Litem for said minor defendant. The plaintiff, Bonnie Evans, and her mother and next friend were both served with summons on the amended cross-petition.

Defendant, Ernest Evans, was granted a decree of divorce from plaintiff, Bonnie Evans, awarded custody of the minor child, three years of age, and given all the household goods and furnishings belonging to the parties.

The judgment entry recites that plaintiff was in default for answer or demurrer, thereby confessing the allegations thereof to be true. No Guardian Ad Litem was appointed to represent the plaintiff. Counsel for plaintiff, thereafter, filed a motion requesting the court to vacate and set aside the entry, judgment and/or decree of divorce for the reason that no Guardian Ad Litem was appointed by the court to answer to and defend against the cross-petition of the defendant. This motion was overruled.

The cause is here on an appeal on questions of law.

Sec. 2307.16 R. C., provides:

"In an action against an infant, his defense must be by a guardian for the suit, who may be appointed by the court in which it is being prosecuted or by a probate judge."

In the case of **Bennett v. Fleming et al, 105 Oh St 325,** the court said:

"In all suits in which infants are parties defendant it is the duty of the court to carefully safeguard the rights and interest of such infants, and it is also the duty of a guardian ad litem to ascertain the legal and equitable rights of his ward and to bring those rights to the attention of the court for consideration and decision."

Sec. 2307.17 R. C., provides:

"If an infant, who is fourteen years of age or over, applies for a guardian within twenty days after the summons in an action is returned, or a service by publication, the appointment may be made upon his application. When he is under that age, or neglects so to apply, on application by a friend of his, or of the plaintiff. it may be made, but not until after service as provided in this section."

In the case at bar, plaintiff's petition was dismissed and the amended cross-petition of defendant was tantamount to an original action in divorce. Secs. 2307.16 and 2307.17 R. C., herein quoted. required the appointment of a guardian ad litem to represent plaintiff. Failure to appoint such guardian constituted prejudicial error. See **Combs v. Combs, 94 Oh Ap 509.** The judgment in the court below is, therefore, vacated and held for naught and the cause remanded for a new trial.

GILLEN, PJ, RADCLIFF and COLLIER, JJ, concur.