MALONEY, APPELLANT, *v.* MALONEY, APPELLEE.

(No. 11-213—Decided
November 21, 1986.)

*Edward R. Patton,* for appellant
William P. Maloney.

*David H. Davies,* for appellee
Evelyn M. Maloney.

FRANKLIN, J. This is an appeal
from the Court of Common Pleas of
Lake County, Division of Domestic
Relations. On October 29, 1985, the
trial court adopted *in toto* the referee's
report of August 20, 1985. The refer-
ee's report is as follows:

"This matter came for hearing
August 6, 1985 before Referee Fran-
cine M. Bruening upon the motion filed
by the defendant-wife April 8, 1985 to
show cause, and for lump sum. Present
in court on behalf of the plaintiff was
Edward Patton, and on behalf of the
defendant, David Davies. Not present
in court was the plaintiff-husband
William Maloney, nor the defendant-
wife Evelyn Maloney.

"Upon evidence, and due consider-
ation thereof, Referee finds as follows:

"1) The wife seeks to hold the
husband in contempt of the court's
order filed July 5, 1984 for failure to
pay periodic alimony payments, failure
to pay various additional sums award-
ed to the wife as alimony pursuant to
the court's order of divorce, and
failure to turn over various property.

"2) Mr. Davies asks the court to
take judicial notice of the Bureau of
Support records regarding the arrears
of the periodic support payments. Mr.
Patton objects to taking judicial notice
of the same, and bases his contention
on the fact he cannot cross-examine
the Bureau. The Referee finds the Bu-
reau of Support is an arm of this court,
and it's [*sic*] records are the court's
records. The court can take judicial
notice of it's [*sic*] own records. If the
husband and/or his counsel challenge
the accuracy of the Bureau records it is
their responsibility to make an appoint-
ment with an investigator to resolve
any such dispute. The referee further
finds the wife's motion to show cause
for failure to pay periodic alimony pay-
ments and her request for lump sum
judgment on the arrears for the same
are alternative remedies and to grant
both would be overkill.

"3) The Bureau of Support has
certified that according to it's [*sic*]
records the periodic alimony payments
are in arrears in the sum of $4,892.18,
exclusive of poundage. A copy of said
certificate is attached hereto and incor-
porated herein as if fully rewritten.
Having taken judicial notice of the Bu-
reau's records, and having been ap-
prised of the arrears as they exist, ex-
clusive of poundage, the Referee finds
the wife's motion for lump sum judg-
ment meritorious.

"4) With regards to the balance
of the wife's motion, Mr. Davies ar-
gues his client's affidavit filed with the
motion affirms the status of affairs,
and there has been no change. He ar-
gues his client's testimony today would
be the same as it was at the time of the
last hearing, and the court can take no-
tice of the fact the husband testified he
had not complied with the court order
in these regards. Mr. Patton moves
that the wife's motion be dismissed for
her failure to attend the hearing, and
prosecute the matter. Referee finds af-
fidavits in the file are not evidence
before the court unless formally in-
troduced, and/or stipulated to, neither

of which occurred in this case. Further, the court cannot presume that the status of affairs testified to by the litigants in November and December of 1984 has remained static. Referee finds the husband's motion to dismiss meritorious.

"5) The case was submitted on argument.

"Based upon the above, Referee recommends as follows:

"a. The husband and/or his counsel shall make an appointment with a Bureau of Support Investigator if they challenge the accuracy or validity of the Bureau's records.

"b. The wife be given lump sum judgment against the husband upon which execution may issue in the amount of $4,892.18.

"c. The balance of the wife's motion filed April 8, 1985 be dismissed for failure to prosecute, without prejudice to refiling.

"d. The wife pay the costs of these proceedings."

Appellant timely filed a notice of appeal.

### Assignment of Error No. I

"The trial court erred to the prejudice of plaintiff-appellant in overruling his motion for dismissal made at the conclusion of defendant-appellee's counsel's opening statement."

The court notes that there is no transcript in the record of the August 6, 1985 proceeding before the referee. There is a transcript of the September 16, 1983 proceeding before Judge Ross D. Avellone, but this assignment of error does not relate to that proceeding.

The case of *Knapp* v. *Edwards Laboratories* (1980), 61 Ohio St. 2d 197, 199, 15 O.O. 3d 218, 220, 400 N.E. 2d 384, 385, applies under these circumstances. In that case the court stated:

"The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See *State* v. *Skaggs* (1978), 53 Ohio St. 2d 162. * * * When portions of the transcript necessary for resolution of the assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."

Since there is no transcript or statement of the case before the lower court filed in the appeal *sub judice* by the appellant as required by App. R. 9, the first assignment of error must be and hereby is found not well-taken.

### Assignment of Error No. II

"The trial court erred to the prejudice of plaintiff-appellant in admitting into evidence by way of 'judicial notice' the extent of plaintiff-appellant's arrearage."

The second of the findings set forth in the referee's report states:

"The Referee finds that the Bureau of Support is an arm of this court, and it's [*sic*] records are the court's records. The court can take judicial notice of it's [*sic*] own records. * * *"

Evid. R. 201 governs judicial notice of adjudicative facts, *i.e.*, the facts of the case. Evid. R. 201(B) states:

"A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

Civ. R. 44.1 provides, in pertinent part:

"(A) Judicial notice of certain law.

"(1) Judicial notice shall be taken of the rules of the supreme court of this state and of the decisional, consti-

tutional, and public statutory law of this state."

Evid. R. 201 and Civ. R. 44.1 both speak to the issue of judicial notice. Neither provides for the taking of judicial notice of an official record kept by the court's agency — the bureau of support.

The records of the bureau of support were not in evidence at the hearing. They indicate only what has been paid by the responsible party together with poundage assessed thereon. The records in this case were not authenticated as required by Civ. R. 44.

Additionally, R.C. 2317.42 provides that:

"Official reports made by officers of this state, or certified copies of the same, on a matter within the scope of their duty as defined by statute, shall, in so far as relevant, be admitted as evidence of the matters stated therein."

Therefore, these records may be introduced *at a hearing* upon proper authentication, but that was apparently not done in this case since the records of the bureau of support surfaced only after the hearing was completed. It was thus error for the referee to take judicial notice of those records to determine the extent of the appellant's arrearage in child support payments.

Assignment of Error No. II is found well-taken.

## Assignment of Error No. III

"Those errors not raised by the aforesaid assignments of error yet are determined to be issues needing consideration in the interest of justice."

This assignment of error is without merit.

Although App. R. 12(A) indicates that it is within a court of appeals' discretion to consider errors not specifically set forth in the record and separately argued in counsel's brief, the fundamental rule is that an appellate court will not consider any error which could have been brought to the trial court's attention and hence avoided or otherwise corrected. *Schade* v. *Carnegie Body Co.* (1982), 70 Ohio St. 2d 207, 24 O.O. 3d 316, 436 N.E. 2d 1001.

Finding, therefore, that the appellant's second assignment of error is well-taken, the judgment of the trial court is hereby reversed and his cause is hereby remanded to the trial court for further proceedings not inconsistent with this opinion. Appellee to pay costs.

BROGAN and VICTOR, JJ., concur.

BROGAN J., of the Second Appellate District, VICTOR, J., retired, of the Ninth Appellate District, and FRANKLIN, J., retired, of the Court of Common Pleas of Lucas County, sitting by assignment.