PRUDEN-WILGUS, APPELLEE, *v.* WILGUS, APPELLANT.

(No. L-88-073—Decided
December 16, 1988.)

*Lonnie Lutz,* for appellee.
*Sheldon Slaybod,* for appellant.

*Per Curiam.* This cause is before the court on appeal from a judgment of the Lucas County Court of Common Pleas, Domestic Relations Division.

Defendant-appellant, William W. Wilgus, timely appealed asserting the following assignments of error:

"I. The trial court abused' its discretion in awarding an unconscionable amount of child support to appellee.

"II. The trial court erred and abused its discretion in awarding sums for an arrearage and awarding attorney fees to the guardian ad litem

not authenticated or made part of the record.

"III. The trial court abused its discretion in ordering appellant to be solely responsible for the guardian ad litem fees.

"IV. The trial court abused its discretion in applying no standards to the appointment of a guardian ad litem."

In this divorce case, all issues except that of custody of the parties' minor child and support had been resolved by agreement of the parties and approved by the court. On October 20, 1987, a hearing was held on the issues of custody and support. On February 5, 1988, the court journalized the decree of divorce which included judgment on these issues.

In his first assignment of error, appellant disputes the award of child support as an unconscionable amount and asserts that the trial court abused its discretion.

Generally, a reviewing court will not reverse a decision of a lower court as being against the manifest weight of the evidence unless the court has abused its discretion. That is, the decision must have been unreasonable, arbitrary, or unconscionable. *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, 219, 5 OBR 481, 482, 450 N.E. 2d 1140, 1142.

The court ordered appellant to pay appellee Pamela Pruden-Wilgus the sum of $80 per week child support, which amounts to $4,160 per year. Appellant asserts that in doing so, the court ignored the Ohio Child Support Guidelines and disobeyed the mandate of the Ohio Supreme Court in not making findings of fact to explain and support the deviation from the guidelines.

Appellee is employed and testified that her gross annual income based on her present pay rate is $6,287.58. Her testimony is supported by documentary evidence including current

amended Schedules I and III showing her present expenses and income, and a recent pay stub. Appellant is self-employed and claims as his annual income his salary from his realty corporation which he states is $5,200. However, under the Child Support Guidelines, amounts for depreciation and other non-cash deductible items allowable by the Internal Revenue Service are not deducted from the gross revenue of a person who is self-employed, and significant amounts of reimbursements and in-kind payments received by a self-employed parent are to be counted as income. Ohio Child Support Guidelines, C.P. Sup. R. 75(C)(1)(c), now 75(III)(A)(3). See 39 Ohio St. 3d xlv, xlviii.

Therefore, the court's taking into consideration amounts on appellant's tax returns which do not affect cash flow and the fact that appellant receives a residence and use of an automobile from his business as additional compensation was not arbitrary, unreasonable or unconscionable. There was ample evidence to support the award. Appellant did not request findings of fact for the court to explain how it arrived at its figure and, therefore, appellant will not be heard to complain here. Appellant's first assignment of error is found not well-taken.

In his second assignment of error, appellant asserts a twofold argument. First, he asserts that the trial court abused its discretion in awarding to appellee an arrearage amount of $2,280 for temporary sustenance alimony[1] without evidence being introduced or admitted to support the award.

The court in *Maloney* v. *Maloney* (1986), 34 Ohio App. 3d 9, 516 N.E. 2d 251, stated at paragraph two of the syllabus:

"A court may not take judicial notice of arrearages in alimony payments as stated in official records of the court's bureau of support. Instead, the records must be authenticated and admitted into evidence. (R.C. 2317.42, Evid. R. 201, and Civ. R. 44.1, construed.)"

On September 8, 1987, a hearing was held regarding the parties' settlement agreement. The court stated in part:

"* * * wife will also be granted a lump sum judgment for the arrearage on the alimony which is presently approximately $875.00 dollars, if my recollection is correct, that will be paid in installments of $50.00 dollars per month beginning the first of October."

Upon being asked by his attorney "did you hear there is going to be a lump sum settlement for any unpaid alimony under the prior order * * *," and "do you agree to pay that," appellant replied "yes."

Although appellant agreed to pay the alimony arrearage, no evidence was introduced to establish the amount of the arrearage. There is one printout from the Lucas County Bureau of Support attached to a motion in the record stating that the arrearage was $2,080 as of December 20, 1987, but this was not authenticated, subject to cross-examination or admitted into evidence. Furthermore, there is no evidence in the record to establish the amount of the arrearage or interim payments as of February 5, 1988, the date of the divorce decree. Therefore, this cause is reversed and remanded for evidence to

---

[1] Appellant claims that the judgment on arrearage was for child support. However, there was no order for temporary child support. There was an order for temporary alimony upon which there was an arrearage which appellant agreed to pay. This court believes this arrearage of alimony is the arrearage to which the lower court is referring in the divorce decree.

be taken as to the proper arrearage amount. Appellant's second assignment of error is found well-taken in part, as it pertains to the alimony arrearage.

In the second part of the second assignment of error and in his third and fourth assignments of error, appellant claims that the trial court abused its discretion in awarding fees to the guardian ad litem which were not authenticated or made part of the record, ordering appellant to be solely responsible for the guardian ad litem fees, and in applying no standards in appointing a guardian ad litem.

Civ. R. 75(B)(2) provides:

"When it is essential to protect the interests of a child, the court may join the child of the parties as a party defendant and appoint a guardian ad litem, and legal counsel if necessary, for such child and tax the costs thereof * * *."

Appellant concedes that no statute or decision establishes standards for the appointment of a guardian ad litem. The appointment of a guardian ad litem pursuant to Civ. R. 75(B)(2) is within the sound discretion of the trial court. *Stone* v. *Stone* (1983), 9 Ohio App. 3d 6, 12, 9 OBR 6, 12, 457 N.E. 2d 919, 925. The court on its own motion found it essential to protect the interests of the minor child and appointed a guardian ad litem on May 26, 1987. On September 8, 1987, the court stated for the record:

"* * *I want the record to show the Guardian is also present and that the Guardian was appointed by this Court originally, if I recall correctly, because certain properties have been transferred or allegedly transferred to the minor child of the parties and I would just like at this time for the parties and the Guardian to comment on the fact that those transfers are going to remain intact * * *."

No objection to the appointment of the guardian ad litem was made in the record, nor was a Civ. R. 52 motion filed for findings of fact as to the court's rationale in its appointment of the guardian ad litem. Appellant makes no argument that the guardian ad litem did not fulfill his duty to ascertain the legal and equitable rights of his client and bring those rights to the attention of the court for its consideration and decision. See *Evans* v. *Evans* (App. 1959), 81 Ohio Law Abs. 255, 161 N.E. 2d 401. We find no abuse of discretion in the court's actions in appointing the guardian ad litem.

Civ. R. 75(B)(2) grants to the court broad authority to tax as costs the guardian ad litem's fee.

Appellant agreed at the September 8, 1987 hearing of the property settlement to pay the costs of the action including the additional cost above the deposit, if any. Therefore, we find no abuse of discretion in ordering appellant to pay the costs of the guardian ad litem.

The guardian ad litem filed motions for payment of guardian fees on October 20, 1987 and November 2, 1987, enumerating the services he provided in the case and the amount of time each took. The total amount of time the guardian stated he incurred was twenty-three and a half hours. The motions contain a certification that the guardian ad litem sent a copy of the motion to the attorneys for both parties via regular United States mail. The motions were not opposed by either party.

The court ordered in the divorce decree:

"That Attorney Melvin Pommeranz is granted a lump sum judgment against Defendant William W. Wilgus in the sum of One Thousand One Hundred Seventy-five Dollars ($1,175.00) together with interest at the statutory rate of ten percent (10%) as and for the expenses of the Guardian Ad Litem

which the Court deemed essential to protect the interest of the minor child of the parties. Said judgment shall be paid within thirty days hereof."

This amounts to an award of $50 per hour, which this court cannot say is an unreasonable amount. Therefore, we find ample evidence in the record to support the award of guardian ad litem fees and we find no abuse of discretion in the court's ordering the amount it did.

Accordingly, appellant's second assignment of error is found not well-taken as it pertains to the guardian ad litem fees and appellant's third and fourth assignments of error are also found not well-taken.

On consideration whereof, the court finds substantial justice has not been done the party complaining and the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed in part and reversed in part. This case is remanded to said court for further proceedings not inconsistent with this decision, including proceedings for evidence to be taken as to the proper alimony arrearage amount. Pursuant to App. R. 24, it is ordered that the court costs of this appeal are to be divided equally between the parties.

*Judgment accordingly.*

HANDWORK, P.J., GLASSER and FRANKLIN, JJ., concur.

ROBERT V. FRANKLIN, J., retired, of the Lucas County Court of Common Pleas, sitting by assignment.