ROBBINS, f.k.a. Ginese, Appellant,

v.

GINESE; Zoller, Appellee.

[Cite as *Robbins v. Ginese* (1994), 93 Ohio App.3d 370.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 64756.

Decided March 7, 1994.

*William F. Chinnock,* for appellant.

*John Zoller, pro se.*

PATRICIA A. BLACKMON, Judge.

This is an appeal from a judgment of the Domestic Relations Division of the Cuyahoga County Court of Common Pleas in which John Zoller, guardian *ad litem,* was awarded attorney and guardian *ad litem* fees to be paid by Kathie Ginese Robbins, plaintiff-appellant, and Francesco Ginese, defendant. The sole issue in this case is whether the trial court abused its discretion in awarding guardian *ad litem* fees at the rate of $100 per hour. Robbins challenges the award and assigns the following error:

"Where, as in the case at bar, a court-appointee serving in separate roles as guardian *ad litem* and as attorney, in his application for fees to be paid by the parties fails to allocate his time between such services which have different values, and the trial court orders the parties to make payment for both services at the higher attorney's rate, such order is in error and will be reversed and remanded with instructions that a proper allocation be made."

Having reviewed the record and the legal arguments presented by both parties, we find the sole assignment of error is not well taken, and we affirm the decision of the trial court. The apposite facts follow.

Robbins and Ginese were divorced in 1986, and Robbins was awarded sole custody of their two minor children. Ginese filed a post-decree motion to modify custody. During the course of the custody dispute, the trial court, *sua sponte,* appointed John Zoller as the guardian *ad litem* and attorney for the two children. The motion was granted, and custody and visitation were modified.

After the custody dispute was resolved, Zoller filed a motion for guardian *ad litem* and attorney fees. In his itemized statement of fees, Zoller requested to be paid at the rate of $100 per hour for his services in February 1992, and at the rate of $125 per hour for his services beginning in March through May 1992, for a total of $4,808.25 in fees. The itemized statement makes no distinction between guardian *ad litem* fees and attorney fees.

A hearing was conducted on the motion and the trial court referee issued findings of fact and conclusions of law. The referee found that Zoller had performed 38.6 hours of guardian *ad litem* and legal services. The referee

further found that Zoller was an attorney experienced in the domestic relations court; he was specifically trained as a guardian *ad litem*, served on the advisory committee of the trial court's guardian *ad litem* project, and performed guardian *ad litem* services in more than twenty cases in the past six years. The referee further found that Zoller's rate of $125 per hour was well within the range of customary fees for an attorney/guardian *ad litem*.

As a result of the findings, the referee recommended that Zoller recover fees at the rate of $100 per hour for 38.6 hours plus expenses for a total of $3,893.25. The referee further recommended that Robbins pay twenty-five percent and Ginese pay seventy-five percent. Robbins filed objections to the referee's report and argued that the fees were unreasonable. Moreover, she argued that the fees were not properly allocated between legal fees and guardian *ad litem* fees, between out-of-court work and in-court work, and between the parties. The trial court overruled the objections and adopted the referee's recommendations.

In her sole assignment of error, Robbins recommends that the this court adopt the Lodestar Rule to determine fees in this case.[1] Robbins does not challenge the number of hours assessed or Zoller's hourly rate for attorney fees; Robbins argues that the trial court erred in not distinguishing between legal fees and guardian *ad litem* fees, and argues that paying Zoller's guardian *ad litem* fees at the same rate as his attorney fees was unreasonable. Her entire argument is premised on the belief that "non-legal" guardian *ad litem* fees should be recovered at a lower rate than attorney fees. This argument is without merit.

"In evaluating an order for compensation to a guardian *ad litem*, a reviewing court shall consider whether the trial court abused its discretion." *Murphy v. Murphy* (Oct. 10, 1991), Cuyahoga App. No. 60892, unreported, at 4, 1991 WL 205252, citing *Davis v. Davis* (1988), 55 Ohio App.3d 196, 200, 563 N.E.2d 320, 325. Civ.R. 75(B)(2) provides for the appointment of a guardian *ad litem* and legal counsel to a child when it is essential to protect the interests of the child. The appointment is within the sound discretion of the trial court and the court has broad authority to tax as costs the guardian *ad litem* fees. *Pruden–Wilgus v. Wilgus* (1988), 46 Ohio App.3d 13, 545 N.E.2d 647 (held: $50 per hour a reasonable rate for guardian *ad litem* fees).

In reviewing the trial court's decision under the abuse of discretion standard, "a presumption of validity attends the trial court's action." *Volodkevich v.*

---

1. The Lodestar Rule was established in *Lindy Bros. Bldrs., Inc. of Philadelphia v. American Radiator & Std. Sanit. Corp.* (C.A.3, 1973), 487 F.2d 161, and is a method commonly used by federal courts to determine statutorily authorized attorney fees. The Lodestar Rule "is equal to number of hours reasonably expended multiplied by prevailing hourly rate in community for similar work and is then adjusted to reflect other factors such as contingent nature of suit and quality of representation." Black's Law Dictionary (6 Ed.1990) 941.

*Volodkevich* (1989), 48 Ohio App.3d 313, 549 N.E.2d 1237, at the syllabus. "Abuse of discretion" connotes more than mere error; it implies that the court's action was unreasonable, arbitrary, or unconscionable. *E.g., Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142. Thus, it is the burden of the appellant to demonstrate that the trial court's decision was unreasonable, arbitrary, or unconscionable.

In this case, the trial court made no distinction between attorney fees and guardian *ad litem* fees. The referee found that Zoller had extensive experience as a guardian *ad litem* and concluded that $100 to $125 was a reasonable rate for a guardian *ad litem* as well as an attorney of Zoller's experience. Accordingly, we find that the trial court's assessment of $100 per hour for guardian *ad litem* fees in this case was not unreasonable, arbitrary, or unconscionable.

Furthermore, Robbins' suggestion that the court adopt the Lodestar Rule is unpersuasive. Until the General Assembly adopts this method of computing fees, the method for assessing guardian *ad litem* fees lies within the discretion of the court. Whether a trial court chooses to employ this method is within its discretion. See *Pruden–Wilgus, supra.* Accordingly, the trial court, in this case, did not abuse its discretion.

*Judgment affirmed.*

NAHRA, C.J., and PORTER, J., concur.