Appellant, Joseph M. Yarnevic, appeals from the judgment of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, finding appellant $12,944.17 in arrears of his child and spousal support obligations. The facts pertinent to this appeal are as follows.
Appellant and appellee, Cheryl McAdams, f.n.a. Cheryl Yarnevic, were married on September 24, 1977. The trial court issued a divorce decree on January 5, 1994, adopting the parties' shared parenting plan and dividing the parties' marital assets. The trial court also ordered appellant to pay $1120 per month in child support for the parties' three minor children and spousal support in incrementally reduced amounts of $880 per month in 1994, $780 per month in 1995, $680 per month in 1996, $580 per month in 1997, and $480 per month in 1998, continuing for sixty months, or until appellant or appellee died, or appellee remarried, whichever occurred first. The payments were to be made through the Cuyahoga Support Enforcement Agency (C.S.E.A.) pursuant to a wage order.
On August 9, 1994, appellant filed motions to modify child and spousal support. The trial court granted appellant's motion to modify child support on March 5, 1996, reducing appellant's child support obligation to $300.53 per month per child. Appellant's spousal support obligation was not changed.
On November 17, 1995, appellant again filed motions to modify child and spousal support. On August 27, 1996, appellee filed a motion to show cause and a motion for attorney fees, asserting that appellant had failed to pay the full amount of child and spousal support due and that appellee had incurred additional attorney fees in pursuing these monies from appellant. Appellee also filed a motion to dismiss appellant's motions to modify child and spousal support because appellant was not complying with appellee's discovery requests.
On January 9, 1997, the trial court ordered appellant to appear for deposition on January 25, 1997. The court ordered that appellant's failure to appear would result in dismissal of appellant's motions to modify child and spousal support. Appellant did not appear for his deposition.
On April 7, 1997, the pending motions were heard by Magistrate Garlandine Jones. At the hearing, the magistrate admitted into evidence, over appellant's objection, a certified copy of appellant's payment history from the Cuyahoga Support Enforcement Agency. Appellee testified that the C.S.E.A. record accurately reflected the payments she had received from appellant and that appellant was not current with his support payments. Appellee's counsel testified regarding the amount and reasonableness of attorney fees billed to appellee.
In an opinion filed April 21, 1997, the magistrate dismissed appellant's motions to modify child and spousal support in accord with the court's earlier order regarding appellant's appearance for deposition. The magistrate also granted appellee's motion to show cause, finding appellant in contempt of the court's prior support orders and $12,944.17 in arrears as of April 30, 1977. The magistrate also granted appellee's motion for attorney fees, awarding fees in the amount of $1674.32.
On September 8, 1997, appellant filed objections to the magistrate's decision, asserting that it was in error because the magistrate had improperly admitted the C.S.E.A. record of appellant's payment history. Appellant argued that the C.S.E.A. report was inadmissible because no one from C.S.E.A. authenticated the record at trial.
In a judgment entry dated January 16, 1998, the trial court overruled appellant's objections to the magistrate's decision and adopted the decision in its entirety. The trial court sentenced appellant to thirty days in jail or not less than two hundred hours of community service.
Appellant timely appealed, asserting the following assignment of error for our review:
 I. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW BY ADMITTING AN UNAUTHENTICATED AND UNIDENTIFIED CUYAHOGA SUPPORT ENFORCEMENT AGENCY PRINTOUT TO CALCULATE THE APPELLANT'S SUPPORT ARREARAGE.
In his single assignment of error, appellant asserts that the trial court erred in admitting into evidence the C.S.E.A. record of appellant's payment history. Specifically, appellant argues that C.S.E.A. records must be identified and authenticated by a custodian of records before they may be admitted into evidence. Therefore, appellant asserts, because appellee did not produce a witness from C.S.E.A. at trial to identify and authenticate the payment history record, the record was inadmissible. We disagree.
Appellant correctly notes that in Pruden-Wilgus v. Wilgus
(1988), 46 Ohio App.3d 13, the Sixth District Court of Appeals stated:
 A court may not take judicial notice of arrearages in alimony payments as stated in official records of the court's bureau of support. Instead, the records must be authenticated and admitted into evidence.
Id. at 15, quotuoting Maloney v. Maloney (1986), 34 Ohio App.3d 9, paragraph two of the syllabus. Contrary to appellant's argument, however, authentication of a payment history record from C.S.E.A. does not require that a custodian of records testify at trial regarding the authenticity of the record.
Evid.R. 902(4) provides in pertinent part:
 Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:
 A copy of an official record or report * * *, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification * * *.
C.S.E.A. payment history records are "official records or reports." See Rowe v. Rowe (1990), 69 Ohio App.3d 607, 616;Maloney, 34 Ohio App.3d at 12. Moreover, appellant does not dispute that appellee presented a certified copy of appellant's payment history from C.S.E.A. at trial. Accordingly, pursuant to Evid.R. 902(4), the C.S.E.A. record of appellant's payment history was a self-authenticating document and no extrinsic evidence of its authenticity was required. The trial court did not err, therefore, in admitting the record into evidence.
Appellant's assignment of error is overruled.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _______________________________ TIMOTHY E. McMONAGLE JUDGE
PORTER, A.J. and KILBANE, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(D) and 26(A); Loc.App.R. 22(B), 22(D) and 26(A); Loc.App.R. 27. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E) See, also, S.Ct. Prac.R. II, Section 2(A)(1).