DECISION
Defendant-appellant, Charles A. Muetzel, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, finding defendant in contempt for non-payment of child support. Because of evidentiary error, we reverse.
By a complaint plaintiff-appellee, Dawn M. Chapman, filed in the trial court on October 26, 2000, defendant was charged with failure to pay child support as required pursuant to an Administrative Child Support Order effective August 12, 1999. The matter was heard by a magistrate who, on April 2, 2001, issued a decision finding defendant in contempt of court. Defendant responded with a motion filed April 2, 2001, for findings of fact and conclusions of law. On April 4, 2001, he also filed objections to the magistrate's decision. Pursuant to defendant's motion, the magistrate on May 4, 2001, entered the following findings of fact and conclusions of law in a supplemental decision:
FINDINGS OF FACT:
 1. Plaintiff, Dawn Chapman and Defendant, Charles Muetzel, are the parents of Samuel Muetzel, born 12-1-94.
 2. Parentage of the child was established by an Administrative Paternity Determination by the Franklin County Child Support Enforcement Agency (FCCSEA).
 3. Defendant was ordered to pay child support in the amount of $190.11 per month, plus processing charge, effective 8-12-99 by Administrative Order No. 95A0229796/01, filed with the Clerk of Courts on October 26, 2000.
 4. At the time of the hearing before the Magistrate on March 20, 2001 upon FCCSEA's Complaint to Enforce Administrative Child Support Order filed on 10-26-00, plaintiff had received no direct child support payments from defendant, nor had she received any child support payments from FCCSEA under the Administrative Order.
 5. No objection or appeal has been filed contesting or disputing the Administrative Order within 30 days of the issuance of the order, so the order is final and enforceable under sections 3111.20 to 3111.28, Ohio Revised Code.
 6. Defendant was served by certified mail on November 6, 2000 with a copy of the 10-26-00 Complaint to Enforce Administrative Child Support Order and a Summons and Order to Appeal for a Magistrate's Hearing.
 7. Arrears under the Administrative Child Support Order total $3,546.99 as of February 28, 2001, exclusive of processing charge.
 8. Defendant had made no payments under the Administrative Order as of the March 20, 2001 hearing date.
 CONCLUSIONS OF LAW 1. Under R.C. 3111.242(A), if an obligor or any other person fails to comply with an Administrative Order issued under former sections 3111.21 or section 3111.20, 3111.21 or 3111.22 of the Revised code, the Child Support Enforcement Agency that issued the Administrative Order may request the Juvenile Court of the county in which the agency is located to find the obligor or other person in Contempt pursuant to section 2705.02 of the Revised Code.
2. R.C. section 2705.02 notes in part:
 "A person guilty of any of the following acts may be punished as for a Contempt:
 (F) A failure to comply with an order issued pursuant to section 3111.20, 3111.21 or 3111.22 of the Revised Code or a withholding or deduction noticed issued under section 3111.23 of the Revised Code."
 3. R.C. section 3111.20(D) authorizes an Administrative Support Officer to issue an Administrative Child Support Order subsequent to the Administrative Establishment of Paternity. If no Objection is filed to the order, and no Complaint for Support is filed within 30 days of the issuance of the Order, the Administrative Order is final and enforceable. [R.C. 3111.20(D)(2)].
 4. Proof of purposeful, willing or intentional violation of a Court Order is not a prerequisite to a finding of Contempt. PUGH V. PUGH (1984), 15 Ohio 57.3d 136, 472 N.E.2d 1085.
 5. Defendant is guilty of Contempt of the Administrative Support Order, having failed to make any support payments under the order, and having failed to present any evidence of a complete and utter inability to pay the ordered support.
The trial court adopted those findings of fact and conclusions of law the same day, and subsequently overruled defendant's objections. Defendant appeals, assigning the following errors:
 I. ERROR IN FINDING APPELLANT IN CONTEMPT FOR FAILURE TO PAY CHILD SUPPORT BASED SOLELY ON TESTIMONY OF ONE WITNESS DERIVED FROM INADMISSIBLE HEARSAY PURSUANT TO OHIO STATUTORY LAW AND THE UNITED STATES AND THE OHIO CONSTITUTIONS.
 II. ERROR IN TAKING JUDICIAL NOTICE OF A DOCUMENT THAT IS DERIVED FROM A SEPARATE AND DISTINCT PROCEEDING AND FURTHER IS INADMISSIBLE HEARSAY PURSUANT TO OHIO STATUTORY LAW AND THE UNITED STATES AND THE OHIO CONSTITUTIONS.
 III. THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN ACCORDANCE WITH THE DUE PROCESS AND EQUAL PROTECTION PROVISIONS OF THE UNITED STATES AND THE OHIO CONSTITUTIONS.
 IV. THE VERDICT IS NOT SUPPORTED BY SUFFICIENT PROBATIVE EVIDENCE IN ACCORDANCE WITH THE DUE PROCESS AND EQUAL PROTECTION PROVISIONS OF THE UNITED STATES AND THE OHIO CONSTITUTIONS.
We first address defendant's first and second assignments of error, as they are dispositive. In them, defendant asserts the trial court erred when it took judicial notice of an administrative order requiring defendant to pay child support, and further erred in premising its decision on the testimony of plaintiff concerning defendant's failure to make the required payments. According to a copy of the order filed with the contempt complaint, the administrative order was issued by the Franklin County Child Support Enforcement Agency, reflected an administrative paternity determination, and ordered defendant to pay child support effective August 12, 1999. Evid.R. 201 states:
 (A) Scope of rule. This rule governs only judicial notice of adjudicative facts; i.e., the facts of the case.
 (B) Kinds of facts. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonable be questioned.
 (C) When discretionary. A court may take judicial notice, whether requested or not.
Generally, a court may not take judicial notice of proceedings in another case or of prior proceedings before it, but only of the proceedings in the immediate case. Brubaker v. Ross (Apr. 17, 2001), Franklin App. No. 00AP-1159, unreported; State v. Lovejoy (Feb. 8, 1996), Franklin App. No. 95APA07-849, unreported; see, also, Staff Notes, Evid.R. 201 ("Rule 201, in its entirety, reflects existing Ohio practice[.] * * * The rule reflects prior law"). As a result, the issue resolves to whether the administrative order establishing defendant's obligation to pay child support was part of the case before the trial judge and the magistrate adjudicating defendant's contempt.
The case file at issue begins with the complaint for contempt. Filed with the complaint were several documents, including the administrative order setting defendant's child support obligation. The administrative order, however, was not issued by the trial court earlier in these proceedings, but by the Child Support Enforcement Agency. It was not a part of the proceedings before the trial court, but became part of the case file only because it was included in the documents filed with the complaint. Merely attaching a document to a complaint does not convert the document into a matter over which the trial court may take judicial notice. Because the administrative order was not issued as part of the proceedings of this case, but was issued as a result of separate administrative proceedings, the trial court erred in taking judicial notice of the order. Instead, a certified copy of the order should have been admitted into evidence, or a records custodian of the Child Support Enforcement Agency should have testified to the order.
Moreover, the trial court received no evidence regarding the amount of the arrearage; instead, it heard only plaintiff's testimony that she had received no child support payments. By the terms of the administrative order on which the trial court relied, child support payments were to be made to the Child Support Enforcement Agency, not to plaintiff. Cf. R.C.2301.36(A). Plaintiff's failure to receive payments may be the result of defendant's failure to pay, or it may be the result of the Child Support Enforcement Agency's failure to forward the money to plaintiff. While the first would prove defendant's default, the second would not. Moreover, the court may not take judicial notice of the records of the Child Support Enforcement Agency. Pruden-Wilgus v. Wilgus (1988),46 Ohio App.3d 13. Even if plaintiff's testimony that she received no support payments is helpful, the authenticated records of the Child Support Enforcement Agency should have been introduced into evidence as proof of defendant's failure to pay and to document the arrearage. See Maloney v. Maloney (1986), 34 Ohio App.3d 9 (concluding the trial court could not take judicial notice of arrearages in alimony payments as reflected in official records of the court's bureau of support that were not authenticated and admitted into evidence).
Accordingly, defendant's first and second assignments of error are sustained. Given the error in the proceedings before the trial court, we are compelled to reverse the judgment of the trial court. We remand this matter to the trial court for further hearing consistent with this opinion, rendering the remaining assignments of error moot.
BRYANT and PETREE, JJ., concur.
TYACK, P.J., dissents.