OPINION
Defendant-appellant, Siffrin Residential Association, Inc., appeals from the decision of the Mahoning County Court No. 4 awarding plaintiff-appellee, Sheila Fleisher, $711.36 for her unused paid time off, plus interest and costs.
Appellant employed appellee from September 17, 1996 to October 24, 2000. Appellee was employed as an at-will team support specialist. Appellee resigned on October 24, 2000.
Appellant had a Human Resources Policies and Procedures Manual (manual) which provided that due to employees' needs for time off, appellant provided the employee with paid time off (PTO). Appellee signed a statement that stated she was aware of appellant's manual and knew where it was and how to use it for informational purposes. The manual provided the protocol for unused PTO paid out to employees upon resignation. It stated, in pertinent part:
"At the end of each 12 month period (June 30), a portion of unused PTO may be carried over into the next period. A full-time employee may carry over up to 40 hours of unused PTO into the next 12 month period. * * *. Any carry-over hours from the prior PTO year will not be paid upon separation.
"* * *
"An employee is eligible to receive a pro-rated amount of his/her unused PTO at the time of separation from employment (Addendum C) only when the following conditions are met:
"* The separation from employment is voluntary.
"* The employee gave sufficient notice of intent to leave Siffrin's employ (see HR 16).
"* The employee worked all of his/her scheduled hours for length of the notice period agreed upon.
"* Employee with less than one year of service during the first full PTO period (July 1 — June 30) will not receive any remaining PTO upon separation from employment."
Appellant's resignation procedure states "[n]on-exempt employees are required to give two weeks notice of resignation in writing to their direct supervisor. The first day of the notice is the date the supervisor receives it." (HR 16).
Appellant had a policy that required the employee to find a replacement before taking time off. Appellee requested a day off but was unable to find a replacement. Appellee's supervisor, Kathy Wingard (Ms. Wingard), told her that she must find a replacement. Appellee then resigned by telling Ms. Wingard on the phone that she quit. There is no evidence that appellee worked during the two weeks notice period nor arranged for someone to replace her. When appellee resigned, she had unused hours of PTO left for the period that began on July 1, 2000. Based on the resignation procedure, appellee was not compensated for her unused PTO hours. Appellee filed suit in Mahoning County Court No. 4 alleging that she was entitled to PTO in the amount of $2,046.00. The case proceeded before a magistrate. The magistrate found that:
 "* * * under the circumstances the defendant's policy requiring an employee to find a replacement to use PTO was an undue burden on plaintiff. Defendant failed to make a reasonable accommodation for plaintiff's handicap relative to the aforesaid requirement.
 "* * * From the evidence presented it appears that the conditions were met. Therefore, plaintiff was entitled to her unused PTO."
The magistrate awarded appellee a judgment for $2,046. Appellant filed objections to the magistrate's decision and the trial court found that appellee was entitled to four months of pro-rated PTO, or 96 hours, which equals $711.36. Appellant filed a timely appeal on August 20, 2001.
We note that appellee has failed to file a brief in this matter. Therefore, we may accept appellant's statement of the facts and issues as correct and reverse the trial court's judgment if appellant's brief reasonably sustains such action. App.R. 18(C).
Appellant raises one assignment of error, which states:
 "THE MAHONING COUNTY COURT #4 ERRED IN ITS APPLICATION OF OHIO LAW TO THE TERMS OF APPELLANTS PTO POLICY IN AWARDING APPELLEE PRO-RATED PAY FOR PTO UPON HER SEPARATION FROM EMPLOYMENT.
 "1. CASE LAW AUTHORITY DOES NOT SUPPORT THE MAHONING COUNT COURT #4 CONCLUSIONS AND ORDER."
Appellant asserts it had a personnel policy and procedure that limited the circumstances in which a former employee would be entitled to receive PTO upon termination. According to the policy, appellee was required to give two-weeks notice, in writing to her supervisor of her intention to terminate her employment. Appellant claims that because appellee did not provide the required notice, she forfeited her right to receive a pro-rated payout of accumulated PTO.
Appellant argues that based on Ohio law, an employer may institute a policy where, if vacation hours are not used, they may not be carried over to the next year and are thus forfeited. Stanovic v. National City Corp. (July 22, 1998), 9th Dist. No. 18784, 1998 WL 417481. Appellant further argues that if the employer has in place a clear policy regarding vacation time forfeiture, then the policy will dictate the action to be taken. Ammons v. Akromold, Inc. (May 20, 1998), 9th Dist. No. 18641, 1998 WL 254801. Additionally, appellant cites Tuemler v. Waffle House (June 8, 1988), 1st Dist. No. C-870736, 1988 WL 59825, to support its position. In Tuemler, when the employee left without giving two weeks notice as required by the employer's policy, the employee was not entitled to receive his vacation pay.
An inquiry into the manifest weight of the evidence is needed in this case as the lower court made a determination that appellee was entitled to her pro-rated PTO, which appellant disputes. Judgments supported by some competent, credible evidence going to all the essential elements of a case will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley ConstructionCo. (1978), 54 Ohio St.2d 279, syllabus. In considering whether the trial court's judgment is against the manifest weight of the evidence, it is important that the appellate court be guided by a presumption that the findings of the trier of fact are correct. Seasons Coal Co. v. Cleveland
(1984), 10 Ohio St.3d 77, 79-80.
The magistrate found in his decision that under the circumstances, appellant's policy requiring an employee to find a replacement in order to use PTO was an undue burden on appellee. Appellee is deaf. The magistrate found that appellant failed to make a reasonable accommodation for appellee's handicap relative to this requirement. Additionally, the magistrate found that appellee met the conditions necessary to receive her unused PTO.
The trial court made the following findings of fact. Appellant employed appellee since September 17, 1996. Appellee terminated her employment with appellant because of issues at work. Pursuant to the manual, appellee was entitled to 288 hours of PTO at the beginning of fiscal year 2000. Additionally, she had 40 hours of carry-over PTO. During the year 2000, appellee used 45.5 hours of PTO. The court found that appellee was entitled to four months of pro-rated PTO, which equaled 96 hours (288 hours/12 months xtimes; four months). Appellee's hourly rate was $7.41. Therefore, the court awarded appellee $711.36 plus interest and costs.
Appellant has failed to file a transcript. The duty to provide a transcript for appellate review falls upon the appellant. This is because the appellant bears the burden of showing error by reference to matters in the record. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199. Absent a transcript, we must presume that the regularity of the proceeding below and affirm the trial court's decision. Id. "Where a party to an appeal fails to file portions of the transcript necessary for resolution of his assignments of error, the assignments will be overruled." Maloney v. Maloney (1986), 34 Ohio App.3d 9, paragraph one of the syllabus.
Thus, since we cannot properly review the proceedings before either the magistrate or trial court, appellant's assignment of error must fail. Accordingly, appellant's assignment of error is without merit.
For the reasons stated above, the decision of the trial court is hereby affirmed.
Vukovich, J., and DeGenaro, J., concur.