DECISION
{¶ 1} Scott Dailey, plaintiff-appellant, dba Express Drywall, Inc.[1] ("Express Drywall"), appeals a decision of the Franklin County Court of Common Pleas. The court granted a motion for summary judgment filed by defendant-appellee, Smoot Construction, Inc. ("Smoot").
{¶ 2} On October 23, 2000, appellant and Express Drywall filed a complaint against R J Commercial Contracting, Inc. ("R J"), and the Columbus Metropolitan Housing Authority ("CMHA"), defendants-appellees. Appellant and Express Drywall alleged that R J was the general contractor for the Meadow Apartments project ("project") located on property owned by CMHA. Appellant and Express Drywall further alleged that on or about March 23, 1999, Express Drywall entered into a subcontractor agreement with R J to complete the drywall installation for the project for a total amount of $433,131. Appellant and Express Drywall claimed that R J breached the subcontractor agreement and that they suffered damages in the amount of $433,131.
{¶ 3} On November 27, 2000, CMHA filed a motion for summary judgment arguing that appellant and Express Drywall did not have a cause of action against CMHA because there was no privity of contract between them. On January 24, 2001, the parties agreed to the following stipulations: (1) CMHA, as owner of the property where the project was located, entered into a contract with R J as a prime contractor for construction of the project; (2) CMHA and R J were the only signature parties to the contract; (3) appellant and Express Drywall were not mentioned or referred to in the contract; (4) after execution of the contract, R J awarded subcontracts for the job including a subcontract with Express Drywall to complete drywall installation; (5) CMHA was not a signature party to the drywall subcontract; and (6) there was no written contract between CMHA and Express Drywall relating to the project. On March 16, 2001, the court dismissed CMHA from the case with prejudice finding that appellant, Express Drywall, and CMHA "have fully and amicably resolved the instant controversy as between them."
{¶ 4} On May 4, 2001, appellant and Express Drywall filed an amended complaint adding Smoot as a defendant. Appellant and Express Drywall alleged that Smoot was a construction consulting firm given responsibility over the project by CMHA. Appellant and Express Drywall also alleged that Smoot owed them "a duty to competently and without negligence inspect all of the subcontractors' work product." Appellant and Express Drywall claimed that Smoot failed to inspect the work performed by the structural framers and roofing subcontractors, thus requiring them to correct the framing installation flaws. Appellant and Express Drywall further claimed that Smoot's failure to inspect the work performed negatively impacted Express Drywall's ability to install drywall at the project. Appellant and Express Drywall alleged that as a direct and proximate result of Smoot's actions, they incurred additional expenses, fell behind schedule, and ultimately caused R J to terminate its contract with Express Drywall.
{¶ 5} On August 17, 2001, appellant's counsel filed a motion to withdraw because he and appellant had "reached irreconcilable differences regarding the prosecution of said Plaintiffs' claims." The trial court granted the motion and thereafter appellant remained pro se. However, the trial court would not allow appellant to represent Express Drywall because appellant is not an attorney.
{¶ 6} On September 28, 2001, Smoot filed a motion for summary judgment arguing that appellant and Express Drywall could not have a cause of action against it for breach of contract because no contract existed between them. On November 16, 2001, the trial court granted Smoot's motion for summary judgment finding that "there was no privity of contract and Smoot owed no duty whatsoever to the Plaintiff Scott Dailey, either under the theory of contract or under the theory of tort." The court further stated that appellant "has continued to try to bring in other parties, such as [CMHA], and now Smoot for no purpose other than to harass these entities and/or to somehow confuse the issues of the case." In November 2001, a jury trial was held concerning appellant's claims against R J. The jury found in favor of R J, and the trial court filed its final judgment entry on December 7, 2001. Appellant filed an appeal of this decision and presents the following assignments of error:
{¶ 7} "1. CMHA dismissed with prejudice.
{¶ 8} "2. SMOOT dismissed with prejudice.
{¶ 9} "3. We objected to Matan, Geer Wright not informing us of their Motion to be dismiss[ed] from case.
{¶ 10} "4. When Judge Connor was asleep on bench. Attorney Bear presented an exhibit that Judge Connor stated not to present. After Plaintiff/Appellant had to wake Judge Connor from his sleep to Object to the exhibit of Attorney Bear the Judge sustained the objection.
{¶ 11} "5. Most exhibits by Appellant/Plaintiff during trial dated after October 19, 1999 were objected to and sustained considered self serving. Defendants/Appellee exhibits dated after October 19, 1999 were allowed and considered part of project records.
{¶ 12} "6. The Court allowed R J to present a video tape and allowed Yeong Jiang to comment on the tape with sound off. During cross examination Yeong Jiang could not testify to the credibility of the tape. Commentary on the video tape is Grover Doss superintendent for R 
J and brother of John Doss owner of Journeyman Drywall and Painting, which took over Express Drywall contract at the Meadows Apartments.
{¶ 13} "7. Judge Connor would not allow Plaintiff/Appellant to call Beleta Ebron of the Ohio Civil Rights Commission as a witness, which determined that contract was terminated as a result of the Contract Compliance Report written by Smoot Construction. November 19, 2001 after Vior [sic] Dire of Jurors.
{¶ 14} "8. Judge Connor would not permit Plaintiff/Appellant to bring to the attention of the jurors, though Plaintiff/Appellant was under oath, the fact that the true reason Express Drywall and Scott Dailey were never paid is because Scott Dailey exposed Multi Million Dollar Government and Taxpayers Money Fraud committed by Yeong Jiang and R J Commercial Contracting. The Judge Threaten [sic] Mr. Dailey `I will declare a mistrial and see you next year.'
{¶ 15} "9. During Cross Examination of R J President Allen Justice, Plaintiff/Appellant asked Allen Justice to explain (EXHIBIT FC8, R J TIME LOG 03 FOR FIELD DIRECTIVE 033) Attorney Bear OBJECTED. Judge John A. Connor stated out loud, in the hearing of Allen Justice `If he says he doesn't recognize the document I will sustain the objection.' THEN Allen Justice stated he didn't recognize the document.
{¶ 16} "10. Judge Connor permitted the unlawful act of Fraud on Court by attorney for defendant Smoot Construction."
{¶ 17} We first note that a review of appellant's assignments of error shows that he failed to present proper assignments of error as contemplated by App.R. 16(A)(3). Appellant does not allege errors on the part of the trial court but, instead, makes statements concerning events during the trial. See In re Watts (Jan. 31, 2002), Cuyahoga App. No. 78713. "Assignments of error should designate specific rulings which the appellant wishes to challenge on appeal." Taylor v. Franklin Blvd. Nursing Home, Inc. (1996), 112 Ohio App.3d 27, 32. The fact that appellant is acting pro se is immaterial because a pro se person "is held to the same rules, procedures and standards as those litigants represented by counsel and must accept the results of her own mistakes and errors." Dornbirer v. Paul (Aug. 19, 1997), Franklin App. No. 96APE11-1560, discretionary appeal not allowed, 80 Ohio St.3d 1476. However, in the interests of justice, this court will consider appellant's assignments of error in conjunction with the arguments made by him.
{¶ 18} Appellant argues in his first and second assignments of error that CMHA and Smoot should not have been dismissed with prejudice. Appellant contends that his trial counsel "underhandedly allowed Smoot and CMHA to be released with prejudice." However, a review of the record shows that the trial court properly dismissed CMHA and Smoot because no privity of contract existed between them and appellant. In the absence of privity of contract between two disputing parties, there is no duty to exercise reasonable care to avoid intangible economic loss or losses to others that do not arise from tangible physical harm to persons and tangible things. Queen City Terminals, Inc. v. Gen. Am. Transp. Corp. (1995), 73 Ohio St.3d 609, 615. Appellant's first and second assignments of error are overruled.
{¶ 19} Appellant claims in his third assignment of error that he was not properly informed of CMHA's dismissal from the case. However, as stated in our discussion in appellant's first assignment of error, it was proper for the trial court to dismiss CMHA because no privity of contract existed between CMHA and appellant. Therefore, appellant cannot show that he was prejudiced by his counsel's alleged failure to inform him of the dismissal. Appellant's third assignment of error is overruled.
{¶ 20} Appellant's fourth, fifth, sixth, seventh, eighth, and ninth assignments of error are based upon alleged errors by the trial court during the trial. Appellant refers this court to the trial transcript in support of his arguments. However, a review of the record shows that no trial transcript was filed with this court. "The duty to provide a transcript for appellate review falls upon the appellant. This is because the appellant bears the burden of showing error by reference to matters in the record." Fleisher v. Siffrin Residential Assoc., Inc. Mahoning App. No. 01-CA-169, 2002-Ohio-3002, at ¶ 25, following Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Absent a transcript, this court must presume the regularity of the proceedings below and affirm the trial court's decision. Fleisher, at ¶ 25. "Where a party to an appeal fails to file portions of the transcript necessary for resolution of his assignments of error, the assignments will be overruled." Maloney v. Maloney (1986), 34 Ohio App.3d 9, syllabus. Accordingly, appellant's fourth, fifth, sixth, seventh, eighth, and ninth assignments of error are overruled.
{¶ 21} Appellant argues in his tenth assignment of error that the trial judge permitted fraud by Smoot's trial counsel. However, appellant does not specify in the record what actions he considered to be fraudulent but, instead, argues generally that "[e]xamining entire case including actions by attornies [sic] show fraud on court." An appellate court "may disregard an assignment of error presented for review if the party raising it * * * fails to argue the assignment separately in the brief, as required under App.R. 16(A)." App.R. 12(A)(2). "It is not the duty of an appellate court to search the record for evidence to support an appellant's argument as to any alleged error." State v. Watson (1998), 126 Ohio App.3d 316, 321. Therefore, we find that appellant did not comply with App.R. 16(A) because he did not separately argue his tenth assignment of error in his appellate brief. Appellant's tenth assignment of error is overruled.
{¶ 22} Accordingly, appellant's ten assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
LAZARUS and HARSHA, JJ., concur.
HARSHA, J., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District.
[1] Express Drywall, Inc. is not a party to this appeal.