OPINION
{¶ 1} Appellant Jack K. Beatley appeals a judgment of the Delaware County Court of Common Pleas, Juvenile Division, approving the guardian ad litem's motion for fees filed by appellee E. Marianne Gabel, and ordering appellant and his former wife each to pay one half of the fee:
 {¶ 2} "I. THIS COURT SHOULD REVERSE THE JUVENILE COURT'S JANUARY 27, 2003 JUDGMENT ENTRY SUSTAINING THE GUARDIAN'S APPLICATION FOR FEES BECAUSE THE GUARDIAN AD LITEM HAS FAILED TO ACT IN THE BEST INTEREST OF THE MINOR CHILDREN.
"II. THIS COURT SHOULD REVERSE THE JUVENILE COURT'S JANUARY 27, 2003 JUDGMENT ENTRY SUSTAINING THE GUARDIAN'S APPLICATION FOR FEES WITHOUT HOLDING AN EVIDENTIARY HEARING ON THE MERITS BECAUSE BEATLEY'S MEMORANDUM CONTRA AND MOTION FOR AN EVIDENTIARY HEARING CLEARLY DEMONSTRATED THAT AN EVIDENTIARY HEARING WAS NECESSARY IN ORDER TO DETERMINE WHETHER THE GUARDIAN WAS IN FACT ENTITLED TO FEES FOR SERVICES RENDERED."
 {¶ 3} Appellant and Colleen S. Beatley, nka Block ("Block"), were married in Columbus, Ohio on March 7, 1992. Block was granted a divorce from appellant in Collier County, Florida, in Case No. 98-0139-CA-01. On June 8, 1998, appellant filed a motion for temporary custody of his and Block's two daughters in Delaware County.
 {¶ 4} The trial court subsequently appointed appellee as guardian ad litem for the children. Throughout the course of the proceedings, appellee filed several fee applications, all of which were approved by the trial court.
 {¶ 5} On January 13, 2003, appellee filed a Motion for Approval of Fees for services from March, 2002, through November, 2002. Appellee attached a statement to her motion, which set forth the dates of service, the type of service rendered, and the amount of time spent performing each service. Via Judgment Entry filed January 14, 2003, the trial court advised the parties it would decide appellee's motion, as well as two other pending motions, on the pleadings in the record filed by January 27, 2003. Appellant filed a Memorandum Contra to Guardian Ad Litem's Motion for Approval of Fees and Motion for an Evidentiary Hearing on the Merits on January 27, 2003. Via Judgment Entry filed January 28, 2003, the trial court approved appellee's fees in the requested amount of $1,185. The trial court ordered appellant and Block each pay one half of the fee on or before January 31, 2003. In another Judgment Entry also filed on January 28, 2003, the trial court overruled appellant's motion for an evidentiary hearing. This Court stayed the portion of the trial court's judgment which ordered appellant and Block to pay appellee's fees by January 31, 2003, pending the instant appeal.
 I {¶ 6} In his first assignment of error, appellant argues that the trial court erred in approving appellee's application for fees, as appellee failed to act in the best interest of the children.
 {¶ 7} When reviewing a trial court's order regarding compensation to a guardian ad litem, an appellate court applies the abuse of discretion standard of review. Robbins v. Ginese (1994),93 Ohio App.3d 370, 372 (Citations omitted). Civ.R. 75(B)(2) provides for the appointment of a guardian ad litem and legal counsel to a child when it is essential to protect the interests of the child. The appointment is within the sound discretion of the trial court and the court has broad authority to tax as costs the guardian ad litem fees. Pruden-Wilgus v.Wilgus (1988), 46 Ohio App.3d 13. Inherent in the trial court=s authority to appoint a guardian ad litem and tax the fees as costs is the authority to set a reasonable value for the services rendered. We find the trial court's approval of appellee=s request for fees and the equal division of the fees between appellant and Block does not constitute an abuse of discretion. The trial court's decision, which implicitly rejects appellant's claim appellee did not act in the wards' best interest, does not constitute an abuse of discretion, notwithstanding appellant's claims appellee was biased against him. Appellant=s first assignment of error is overruled.
 II {¶ 8} In his second assignment of error, appellant argues that the court erred in failing to provide an evidentiary hearing on the issue of fees.
 {¶ 9} The trial court has an obligation to provide an opportunity for parties to be heard on motions pending before the court, including motions and objections relating to the payment of fees or taxing said fees as costs._ Rendina v. Rendina (Feb. 28, 1992), Lake App. No. 91-L-019, unreported.
 {¶ 10} Although the court did not have an evidentiary hearing on the issue of whether the time spent by the guardian was necessary and reasonable, the record reflects that the parties were given an opportunity to be heard on the issue of fees. Appellant filed a memorandum in opposition to the guardian's request for fees, with attachments, on January 27. Further, the file reflects that since the inception of the case on June 8, 1998, the parties were almost continuously in front of the court on a variety of issues, and the same judge has been involved with the case since its inception. Based on the volume of litigation in the case, it is apparent from the record that the judge has a great deal of experience with the parties and the issues. The record reflects that the judge had ample information to determine the reasonableness of the guardian's fees, based on his personal experience with the case, and the material filed by the parties on the issue. The court did not err in ruling on the motion on the pleadings, without holding an evidentiary hearing.
 {¶ 11} The second assignment of error is overruled.
 {¶ 12} The judgment of the Delaware County Common Pleas Court, Juvenile Division is affirmed.
By: Gwin P.J., and Farmer, J. concur.