[Cite as *Swanson v. Swanson*, 2012-Ohio-2059.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97008**

# KIRA SWANSON

PLAINTIFF-APPELLEE

vs.

# ERIC SWANSON
### DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No.   DR-297809

**BEFORE:**   Blackmon, A.J., Stewart, J., and Jones, J.
**RELEASED AND JOURNALIZED:**      May 10, 2012

**ATTORNEY FOR APPELLANT**

Mark A. Novak
988 Glenside Road
South Euclid, Ohio 44121


**ATTORNEYS FOR APPELLEE**

Gregory J. Moore
Anne C. Fantelli
Stafford & Stafford Co., L.P.A.
55 Erieview Plaza, 5th Floor
Cleveland, Ohio 44114


**GUARDIAN AD LITEM**

Lori A. Zocolo
Abel & Zocolo, L.P.A.
815 Superior Avenue
Suite 1915
Cleveland, Ohio 44114

PATRICIA ANN BLACKMON, A.J.:

**{¶1}** Appellant Eric Swanson ("father") appeals the domestic relations court's order requiring him to pay guardian ad litem ("GAL") fees and assigns four errors for our review. Appellee Kira Swanson ("mother") filed a cross-appeal in which she assigns three errors.[1]

**{¶2}** After reviewing the record and pertinent law, we affirm the judgment of the trial court. The apposite facts follow.

### Facts

**{¶3}** The Swansons divorced in September 2005. They have one child (DOB: Oct. 1, 2001). The divorce proceedings have been, and continue to be, highly contentious. Initially, the mother was granted residential custody of the child with the father having visitation rights. Several years later, custody was changed so that the father was the residential parent because the parties' volatile relationship resulted in them being unable to communicate regarding their child's needs. The mother appealed the trial court's judgment; we reversed the judgment and remanded the matter to the trial court to conduct a new custody hearing because the mother was not given time to obtain counsel prior to the hearing. *Swanson v. Swanson*, 8th Dist. No. 90472, 2008-Ohio-4865.

---

[1]See appendix. We note that although the mother filed a cross-appeal from the father's appeal in which she addressed his assigned errors, the GAL did not file an appellate brief.

**{¶4}** On March 16, 2009, the parties entered into an agreed judgment entry agreeing that the mother should be the legal custodian. However, the hostility between the parties remained in spite of the agreement, resulting in the parties filing a multitude of motions.

**{¶5}** On September 2, 2010, the magistrate conducted a hearing on the GAL's motion for her fees that had been pending since 2008. The amount totaled $23,346.71. These fees encompassed the time frame from December 2006, when the magistrate had been appointed, until August 2010. The mother appeared with counsel; the father, however, appeared pro se as did the GAL. The GAL testified to the hostility between the parties that resulted in constant litigation that required her to review motions, attend hearings, and file motions on behalf of the child. The GAL testified that the mother was willing to settle the payment of the fees as part of the March 16, 2009 agreed judgment entry, but that the father refused to settle.

**{¶6}** The magistrate issued a decision granting the GAL's motion but did not award the GAL the entire amount requested. The.court deducted $478 for unnecessarily billed items, leaving a balance of $22,868.71. ($23,346.71 - 478 = $22,868.71) From this amount the magistrate held each party responsible for 50 percent of the fees and deducted from that amount, the amount each party had already paid to the magistrate. As a result, the mother was ordered to pay $6,834.36, and the father was ordered to pay $9,934.36. Both parties filed objections to the decision. On June 8, 2011, the trial court

overruled the objections of both parties and adopted the magistrate's decision in its entirety.

### GAL Fees from 6/12/2007 - 3/4/2008

**{¶7}** In his first assigned error, the father argues the trial court erred by awarding $1,508 in fees to the GAL for the period of June 12, 2007 to March 4, 2008. He argues that the GAL had no authority to perform her duties during this time because she was no longer the appointed GAL. In support of this argument, he contends that the GAL had informed him in an email on June 8, 2007, that she could not respond to his questions because the case had been heard and submitted; therefore, she had "no status to do anything." He also points to the record in which an order of the court indicates the GAL was reassigned to the case on March 4, 2008, which he argues shows the GAL was removed at some prior time.

**{¶8}** Pursuant to Civ.R. 75(B)(2) and R.C. 3111.14, the court has the authority to tax the costs of a GAL to the parties. A trial court's appointment of a GAL and award of fees must be upheld absent an abuse of discretion. *Swanson v. Schoonover*, 8th Dist. Nos. 95213, 95517, and 95570, 2011-Ohio-2264, citing *Gabriel v. Gabriel*, 6th Dist. No. L-08-1303, 2009-Ohio-1814, ¶ 15; *Robbins v. Ginese*, 93 Ohio App.3d 370, 638 N.E.2d 627 (8th Dist. 1994). A trial court is given considerable discretion in these matters. *Robbins* at 372.

**{¶9}** Our review of the record indicates that in spite of the GAL's email response on June 8, 2007, the record indicates that the GAL's assignment did not end because the

case still had matters pending. In fact, the magistrate's decision regarding custody was issued four days later to which the parties filed objections.

{¶10} Moreover, there is nothing in the record to indicate that the GAL was removed. In fact, the GAL testified that the former magistrate advised her to stay on the case because the parties were continuing to litigate matters. Although there is an order reappointing the GAL on March 4, 2008, it does not appear it was necessary given the ongoing nature of the proceedings and the fact that no order was issued removing the GAL. Here, the GAL, during the disputed time, was not addressing new issues, but was continuing to represent the child regarding the parties' ongoing custody dispute. The record also does not show that the father made any formal objections to the GAL's continued representation during this time period.

{¶11} The father also contends there was nothing for which the magistrate could bill during this time frame. A review of the record indicates that during this period, the magistrate issued a decision awarding legal custody to the father; objections were made by both parties to the decision; and, the mother filed a motion for a new trial. After the court adopted the magistrate's decision, the father filed a motion to show cause why the mother was not complying with the order. The mother also filed an emergency motion to stay the court's judgment until the appeal was determined. While the matter was pending on appeal, the father filed a motion to show cause why the mother was not paying support and the mother filed a motion to show cause why the father was not paying support. The mother also filed a motion to modify parental rights and a motion to modify the location

of the exchange. The GAL had to review all of these documents. In addition, the GAL also participated in several telephone conference calls with the school, the attorneys, and the court. Thus, the GAL had performed work during this time frame in spite of the father's contention otherwise. Based on the evidence in the record, the trial court did not abuse its discretion regarding the payment of fees incurred during this time period. Accordingly, the father's first assigned error is overruled.

## Presentation of Witnesses

{¶12} In his second assigned error, the father contends the trial court erred by not allowing him to present witnesses at the GAL fee hearing.

{¶13} Trial courts have broad discretion in determining whether to admit or exclude evidence. *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 482 N.E.2d 1248 (1985). We conclude that the court did not abuse its discretion by refusing to allow the father to present witnesses regarding whether the GAL was representing the best interests of the child.

{¶14} The father failed to proffer the substance of the "excluded" testimony, thus barring our review on appeal. Evid.R. 103(A)(2) requires an offer of proof to preserve any error in excluding evidence. *State v. Gilmore*, 28 Ohio St.3d 190, 503 N.E.2d 147 (1986); *State v. Conway*, 108 Ohio St.3d 214, 2006-Ohio-791, 842 N.E.2d 996, ¶ 113. If the complaining party does not proffer the excluded evidence or the substance of that evidence is not apparent from the questioning of the witness, any error arising from the exclusion of that evidence is waived. *Ellinger v. Ho,* 10th Dist. No. 08AP-1079,

2010-Ohio-553, ¶ 34, citing *Hilliard v. First Indus., L.P.*, 165 Ohio App.3d 335, 2005-Ohio-6469, 846 N.E.2d 559, ¶ 41 (10th Dist.); *Mills v. Mills,* 11th Dist. No. 2002-T-0102, 2003-Ohio-6676, at ¶ 49 (noting that an appellate court cannot conclude that the trial court abused its discretion in failing to admit evidence, where the party who offered the evidence fails to demonstrate what the additional evidence would show and its potential effect on the matters at issue.)

{¶15} Nonetheless, a review of the father's trial brief indicates that he desired to present witnesses to the fact that the GAL did not respond to his requests to observe the child at school and in his home. This is irrelevant to determining the GAL's fees because his complaints have to do with issues for which the GAL did not bill him. In fact, when the magistrate asked the father whether he had any other witnesses, he responded, "not regarding the guardian fees." The other issues he raised in his trial brief did not require witnesses besides himself and the GAL. Accordingly, we overrule the father's second assigned error.

### Magistrate Recusal

{¶16} In his third assigned error, the father contends the magistrate should have recused when, as head of the domestic relations court's GAL program, the magistrate was aware that he could be a potential witness.

{¶17} "A trial judge is presumed not to be biased or prejudiced, and the party alleging bias or prejudice must set forth evidence to overcome the presumption of integrity." *Corradi v. Emmco Corp.*, 8th Dist. No. 67407, 1996 WL 65822 (Feb. 15,

1996), citing *State v. Wagner*, 80 Ohio App.3d 88, 93, 608 N.E.2d 852 (12th Dist. 1992). Here, there was no evidence that the magistrate was biased. As we stated above, the magistrate did not improperly prevent the father from presenting evidence pertinent to the issues before the magistrate. Although the magistrate would not allow the father to present evidence of a telephone conversation the magistrate had with the father's prior counsel, the evidence was excluded based on hearsay.

{¶18} Additionally, the father did not attempt to introduce the telephone conversation the magistrate had with counsel until well into the hearing. As the magistrate concluded:

> **You could have [called me as a witness] if you had notified this court early on that I was going to be a witness. And then I would have had to recuse myself, and then you would have had an opportunity to call myself [sic] as a witness.**
>
> **Having gone this far in the case, I would have some problems getting on the witness stand without demanding a mistrial, and then shipping everything down to [another magistrate] at some point.** Tr. 51-52.

{¶19} If the father was aware he would have to call the magistrate as a witness, he should have filed an affidavit of bias and prejudice pursuant to R.C. 2701.03 prior to the hearing so advising the magistrate of the specific evidence he would be introducing. We note the father did file an affidavit of bias and prejudice against the magistrate in February 2010 (seven months prior to the hearing), but he did not explicitly reference the telephone call. Instead, he vaguely stated that he would be presenting evidence that was directly provided by the magistrate, but does not detail what that evidence entailed. He also asked for the recusal because the magistrate was the head of the guardian ad litem

department; therefore, he could not be neutral regarding the determination of the fees. Based on the ambiguous nature of the motion, the trial court did not abuse its discretion by denying the father's earlier motion for the magistrate to recuse.

{¶20} The father's witness list included the name of his former counsel; however, this was not sufficient to apprise the magistrate that the father was going to attempt to include a conversation the magistrate had with former counsel. Accordingly, we conclude the father's third assigned error is overruled.

## GAL Fees for Motion to Quash

{¶21} In his fourth assigned error, the father contends the court abused its discretion by awarding GAL fees for the GAL's motions to quash documents that the father was legally entitled to possess.

{¶22} The GAL filed motions to quash the father's subpoenas to the child's school and psychologist. The father argues that because the GAL's motions were denied, she should not be entitled to bill for those motions. However, although the GAL was ultimately unsuccessful in quashing the subpoenas, there was no evidence that GAL was not seeking to protect the interests of the child in filing the motions, which is what she is paid to do. It would be illogical to conclude that GALs can only be paid for work they have done on successful motions, when they are in fact trying to protect the interests of the child. As the magistrate concluded:

> **It may have been overly cautious and she may have been overly zealous**
>
> **in an attempt to protect her ward, but neither Magistrate Hall nor the**

**undersigned can find any basis to conclude that her actions were**

**outside the bounds of what was expected of her as the child's guardian.**

Magistrate's decision, February 17, 2011, at 6.

**{¶23}** Moreover, the father failed to cross-examine the GAL at the hearing regarding her motives in filing the motions; therefore, there is no evidence the GAL had an ulterior motive. Accordingly, we conclude the father's fourth assigned error is overruled.

## KIRA SWANSON'S CROSS-APPEAL

### Denial of Objections to Magistrate's Report

**{¶24}** In her first cross-assigned error, the mother argues the trial court erred by overruling her objections and adopting the magistrate's decision in total.

**{¶25}** The mother argues that the magistrate had stated at the hearing that a decision regarding the GAL fees would not be issued until the pending motions regarding the parties' financial matters were heard and determined. She claims the magistrate then proceeded to award the fees prior to the financial matters being determined. The mother does not detail what financial matters were pending, but a review of the record shows the mother had a motion to modify support and motions for attorney fees pending. Although the GAL did issue the decision prior to these issues being determined, on March 18, 2011, prior to the court adopting the magistrate's opinion, the mother voluntarily dismissed her motion to modify support and motions for attorney fees. Therefore, no prejudice resulted from the magistrate issuing the decision prior to the support and attorney fees being

determined because by the time the court adopted the magistrate's decision, all financial matters had been resolved.

**{¶26}** The mother argues that the magistrate should not have relied on a prior magistrate's decision from June 2007 that was subsequently overruled by the court of appeals. We agree that reliance on opinions that were later reversed is prohibited. However, in the instant case, the matters the magistrate quoted from the prior magistrate's report were issues regarding the contentious nature of the parties' divorce. The contentious nature of the proceedings is readily apparent from the record; therefore, we cannot conclude that the mother was prejudiced by the magistrate's references to the prior order.

**{¶27}** The mother also argues that the magistrate erred by dividing the fees equally. She contends the evidence indicated that the father was the cause of the GAL fees being incurred due to his constant objections and filing of motions. Although this may be true for the time frame after the March 17, 2009 agreed judgment entry, the time prior indicates that both parties filed numerous motions and that the father's multiple motions to show cause were filed for the mother's failure to abide by the visitation orders. Under these circumstances, where both parties throughout the proceedings continued filing motions regarding the custody, visitation, and care of the child, the court did not err in concluding the parties should both equally share the cost of the GAL's fees. Accordingly, the mother's first cross-assigned error is overruled.

**Failure to Perfect Service**

**{¶28}** In her second cross-assigned error, the mother argues that because she was not served with the September 23, 2008 motion for GAL fees, the court did not have personal jurisdiction to enter judgment against her.

**{¶29}** The mother waived any objection to the alleged failure of service regarding the motion for GAL fees by voluntarily appearing before the court and participating at the hearing. *See Maryhew v. Yova*, 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984) (holding that in the absence of proper service of process, personal jurisdiction may still be obtained through the voluntary appearance of a party). Accordingly, the mother's second cross-assigned error is overruled.

### Manifest Weight of the Evidence

**{¶30}** In her third cross-assigned error, the mother argues the magistrate's decision was against the manifest weight of the evidence because it relied on the prior magistrate hearing that was reversed on appeal. Because we addressed this issue in the mother's first assigned error, it is moot and need not be addressed. App.R. 12(A)(1)(c). Accordingly, the mother's third cross-assigned error is overruled.

**{¶31}** Judgment affirmed.

It is ordered that the parties share equally the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.

PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

MELODY J. STEWART, J., and
LARRY A. JONES, SR., J., CONCUR

## APPENDIX

### Assignments of Error

**I.   The domestic relations court (court) abused its discretion when it awarded fees to the guardian ad litem (GAL) * * * for the period of June 12, 2007 through March 4, 2008 because the GAL did not have authority to act as GAL during that period, and there was no understanding between the parties that she had such authority.**

**II.   The court abused its discretion by refusing to permit defendant to present witnesses on the issue of whether the GAL properly represented the minor child's best interests because the quality of the GAL's performance is obviously relevant to the reasonableness of her fees.**

**III.   The court abused its discretion when the magistrate * * * failed to recuse himself from the matter when it was clear that his role as head of the court's guardian ad litem program made him a potential witness in the case and presented a conflict of interest with his role as neutral magistrate in the hearing.**

**IV.   The court abused its discretion in awarding the GAL fees for motions to quash which were not authorized, seeking to quash subpoenas issued by the appellant's then counsel for information to which he was already legally entitled to under existing court orders and also under applicable sections of the Ohio Revised Code.**

**Cross-assignments of Error:**

**I.   The trial court erred and/or abused its discretion by overruling appellee/cross-appellant's objections and adopting the magistrate's decision *in toto*.**

**II.   The trial court/magistrate abused its/his discretion and/or erred under Ohio law in ruling on the guardian's motion for guardian ad litem fees; by issuing orders without proper jurisdiction; and the trial court's judgment entry is void ab initio as it relates to Kira Swanson.**

**III.   The trial court's/magistrate's decision is against the manifest weight of the evidence, as the evidence or findings which it/he attempts to revive are not supported by the evidence presented at trial on September 2, 2010.**