[Cite as *In re J.B.* , 2020-Ohio-1121.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE J.B.

A Minor Child

[Appeal by Guardian Ad Litem,
 Brian Sharkin]

No. 109161

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED; REMANDED
**RELEASED AND JOURNALIZED:** March 26, 2020

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. AD17903559

***Appearances:***

Brian W. Sharkin, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Cheryl Rice, Assistant Prosecuting
Attorney, *for appellee* Cuyahoga County Division of
Children and Family Services.

EILEEN A. GALLAGHER, J.:

{¶ 1} Appellant-guardian ad litem Brian Sharkin appeals from an order of

the juvenile court granting in part and denying in part his motion for extraordinary

fees. For the reasons that follow, we reverse the juvenile court and remand for the

juvenile court to reconsider Sharkin's motion for extraordinary fees and explain the basis for the amount of extraordinary fees awarded.

**Factual Background and Procedural History**

{¶ 2} On March 2, 2017, the Cuyahoga County Division of Children and Family Services ("CCDCFS" or the "agency") filed a complaint for abuse and dependency and temporary custody of J.B. in the Cuyahoga County Court of Common Pleas, Juvenile Division. On April 3, 2017, Sharkin was appointed guardian ad litem of J.B. With respect to his compensation, the order appointing Sharkin as guardian ad litem required that he "comply with the Cuyahoga County Local Rules of the Court of Common Pleas, Juvenile Division and the Assigned Counsel and Guardian ad litem Fee Bill Policy."

{¶ 3} On October 20, 2017, CCDCFS filed a motion to modify temporary custody to permanent custody. On September 9, 2019, the juvenile court granted the motion and awarded permanent custody of J.B. to the agency.

{¶ 4} On September 17, 2019, Sharkin filed a motion for approval of payment of guardian ad litem fees using form OPD-206R and a motion for extraordinary fees. He requested a total of $2,673 in fees for 21.3 hours of in-court time (21.3 hours x $50/hour totaling $1,065) and 40.2 hours of out-of-court time (40.2 hours x $40/hour totaling $1,608) for the time he spent "participat[ing] in CCDCFS staffings, contact[ing] all the medical providers numerous times, visit[ing] the child in the foster home, visit[ing] the father's residence, writ[ing] reports, subpoena[ing] witnesses, attend[ing] 8 pretrial [conferences], and actively

engag[ing] in a two day trial" from October 21, 2017 to August 16, 2019. Sharkin did not explain why he believed the case warranted an award of extraordinary fees or provide any information or evidence in support of his request for extraordinary fees other than to identify the hours he spent in court and out of court on various dates related to the case. The juvenile court trial judge approved the request for extraordinary fees, approving $750 in total fees.[1]

**{¶ 5}** On September 25, 2019, the administrative judge issued a journal entry "grant[ing]" Sharkin's motion and approving total fees in the amount of $750. The juvenile court stated that "[u]pon due consideration the court finds that counsel performed the legal services set forth in the motion and itemized statement and that the services are reasonable and necessary."

**{¶ 6}** On October 23, 2019, Sharkin filed a motion to correct the record. He asserted that the juvenile court's September 25, 2019 judgment entry contained an "apparent inadvertent clerical mistake" in that the juvenile court granted his motion for extraordinary fees but awarded him total fees of $750 instead of the $2,673 in extraordinary fees he had requested. On October 31, 2019, juvenile court denied the motion and indicated that the $750 in total fees awarded was not due to a clerical error. The juvenile court explained:

> In an entry journalized on September 25, 2019 * * *, this Court granted Attorney Sharkin's Motion for Extraordinary Fees and awarded him a total fee of $750, which constituted the $500 standard fee and an additional $250 in extraordinary fees. Also in that entry, the Court

---

[1] The juvenile court trial judge signed the completed OPD-206R form Sharkin submitted, checking the box "[e]xtraordinary fees granted" and approving counsel fees and expenses of $750. Her signature is not dated.

found that Attorney Sharkin's 61.5 hours of legal services were reasonable and necessary.

While Attorney Sharkin's 61.5 hours of legal services mathematically resulted in a total of $2,673 under the Court's reimbursement schedule, the Court has discretion in awarding the amount of extraordinary fees. This Court finds the standard fee of $500 and an additional $250 in extraordinary fees to be appropriate, and was not an "inadvertent clerical mistake" in the journal entry.

**{¶ 7}** Sharkin appealed, raising the following single assignment of error for review:

The trial court abused its discretion when it denied the Guardian ad Litem's Motion for Extraordinary Fees of $2,676.00 [sic], and, summarily awarded only $750.00 in fees.

**Law and Analysis**

**{¶ 8}** We review a juvenile court's order regarding compensation to a guardian ad litem for abuse of discretion. *In re I.A.G.*, 8th Dist. Cuyahoga No. 103656, 2016-Ohio-3326, ¶ 22; *Robbins v. Ginese*, 93 Ohio App.3d 370, 372, 638 N.E.2d 627 (8th Dist.1994). A court abuses its discretion when its decision is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "A decision is unreasonable if there is no sound reasoning process that would support that decision." *AAAA Ents. Inc. v. River Place Community Urban Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990); *see also Ockunzzi v. Smith*, 8th Dist. Cuyahoga No. 102347, 2015-Ohio-2708, ¶ 9 ("'Abuse of discretion' is a term of art, describing a judgment neither comporting with the record, nor reason.").

**{¶ 9}** Loc.R. 15(D) of the Cuyahoga County Court of Common Pleas, Juvenile Division, ("Cuyahoga C.P. Loc.Juv.R.") addresses the compensation of guardians ad litem in juvenile cases. It provides, in relevant part:

> (8) In cases where the State is ordered to pay Guardian ad litem fees, upon the filing of Form OPD-206R, compensation to the Guardian ad litem shall be paid in accordance with the Cuyahoga County Juvenile Court Fee Bill Policy and Fee Schedule in effect at the time the Guardian ad litem was appointed. The Guardian ad litem shall be compensated at the authorized rate for in-court and out-of-court time, not to exceed the maximum fee cap in effect at the time of acceptance of the assignment.
>
> * * *
>
> (11) It shall be the responsibility of the Guardian ad litem to file in triplicate (an original plus two copies) a completed and signed Form OPD-206R and to meet all requirements of the Cuyahoga County Juvenile Court GAL Fee Bill Policy in effect at the time the fee bill is filed.
>
> (12) If a Guardian ad litem files a Motion for Extraordinary Fees with the Clerk of Court, it shall be referred to the assigned judge for review and processing. If approved by the assigned judge, the motion shall then be forwarded to the Administrative Judge for final approval of payment.

**{¶ 10}** Pursuant to the fee schedule in effect at the time Sharkin was appointed guardian ad litem in this case, the hourly rate for in-court time was $50 and the hourly rate for out-of-court time was $40, with a maximum fee of $500. Cuyahoga County Court of Common Pleas, Juvenile Division, Revised Fee Schedule (effective Sept. 1, 2008); *see also* Loc.R. 33(II)(B) of the Cuyahoga County Court of Common Pleas, General Division ("Cuyahoga C.P. Loc.R.") (assigned counsel fee schedule effective Feb. 1, 2014).

{¶ 11} With respect to requests for extraordinary fees, the Cuyahoga County Juvenile Court Assigned Counsel and GAL Fee Bill Policy (the "GAL fee policy") in effect at the time Sharkin was appointed and submitted his fee bill states:

XI. Extraordinary Fees

A. Payments in excess of the fees indicated in the schedule will be considered only if the attorney files a Motion for Extraordinary Fees along with the Motion for Appointed Counsel Fees.

B. To be considered, the Motion for Extraordinary Fees must be attached to the Motion for Appointment Counsel Fees.

C. Pursuant to a recommendation made by the Court Services Director, the Motion for Extraordinary Fees will be ruled upon by the Administrative Judge.

(Emphasis deleted.) Revised Assigned Counsel & GAL Fee Bill Policy (effective July 11, 2008); *see also* Cuyahoga C.P. Loc.R. 33(II)(B) ("The compensation to be paid for such services shall not exceed the amount listed in the compensation schedule except in extraordinary cases when upon motion it shall be determined by the trial judge, the administrative judge and another judge to authorize additional payment. The motion should set forth in detail the basic reasons [for] such request, the amount in excess of the fee schedule requested and an itemized statement of services rendered. Motions for extraordinary compensation shall be filed simultaneously with the usual affidavit and entry for assigned counsel fees. Individuals appointed as Guardian Ad Litem may request payment of fees exceeding this schedule using the above procedure.").

{¶ 12} Sharkin argues that the juvenile court abused its discretion in denying him the full amount of extraordinary fees he requested without holding a hearing on

the motion. He requests that we reverse the juvenile court's decision and remand the case for a hearing on his motion for extraordinary fees. In support of his argument, he cites this court's decision in *In re D.C.J.*, 2012-Ohio-4154, 976 N.E.2d 931 (8th Dist.).

{¶ 13} In *In re D.C.J.*, this court held that the trial court abused its discretion when it failed to conduct a hearing on the guardian ad litem's request for fees and "arbitrarily reduc[ed]" the hourly rate for the guardian ad litem's fees. *Id.* at ¶ 67, 69. The case involved a father's motion to modify allocation of parental rights and responsibilities of his minor son and the maternal grandparents' motion for legal custody. *Id.* at ¶ 1. After the trial, the guardian ad litem filed a motion to recover $19,109.50 in fees (109.2 hours at an hourly rate of $175). *Id.* at ¶ 9, 64. Although the trial court determined that the services provided by the guardian ad litem were "reasonable and necessary," it found that the amount of fees requested by the guardian ad litem was unreasonable because the guardian ad litem did not differentiate between out-of-court and in-court time in the fee request. *Id.* at ¶ 64-65. The trial court, therefore, reduced the hourly rate and approved $9,930 in guardian ad litem fees (34.8 hours of in-court services at an hourly rate of $125 and 74.4 hours of out-of-court services at an hourly rate of $75). *Id.* at ¶ 64. The trial court did not hold a hearing on the motion, did not give the guardian ad litem an opportunity to address the court before reducing the hourly rate and "failed to explain how it formulated the modified rate or offer an adequate explanation for the application of a reduced rate." *Id.* at ¶ 65. This court reversed the trial court's

decision and remanded the case for a guardian ad litem fee hearing. *Id.* at ¶ 70; *see also Carr-Woodard v. Woodard*, 8th Dist. Cuyahoga No. 103283, 2016-Ohio-5134, ¶ 14-15 (trial court abused its discretion in failing to hold a hearing on guardian ad litem's motion pursuant to Loc.R. 35(E) of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, for additional guardian ad litem fees in divorce case).

{¶ 14} *In re D.C.J.* is distinguishable from this case in that *In re D.C.J.* involved guardian ad litem fees assessed to the parties pursuant to former Cuyahoga C.P. Loc.Juv.R. 17(D)(2). *In re D.C.J.* at ¶ 63. That rule provided that "[u]pon motion for guardian ad litem fees to be assessed to the parties, *the Court shall conduct a hearing* and determine if the fee sought by the guardian ad litem is reasonable and necessary and the amount each party shall contribute toward the fee." (Emphasis added.) Former Cuyahoga C.P. Loc.Juv.R. 17(D)(2). Sharkin did not request a hearing on his motion for extraordinary fees, and the local rules do not require a hearing where, as here, the state is responsible for the payment of guardian ad litem fees.

{¶ 15} In this case, both the assigned trial judge and the administrative judge reviewed Sharkin's motion for extraordinary fees, found that extraordinary fees beyond the $500 per case "maximum" were warranted and approved payment of additional $250 in extraordinary fees. However, there is nothing in the record that indicates why the juvenile court granted Sharkin's motion for extraordinary fees but approved total fees of $750 instead of the $2,673 in total fees Sharkin had requested.

{¶ 16} There may be a myriad of reasons why the juvenile court may have reasonably made such a determination in this case. For instance, as noted above, Sharkin provided virtually no information in support of his motion for extraordinary fees other than to itemize the hours he spent in court and out of court on various dates related to the case. However, without any explanation of the basis or reasoning behind the juvenile court's decision, we are unable to conduct a meaningful review of that decision. Accordingly, we reverse the juvenile court's decision and remand for the juvenile court to reconsider Sharkin's motion for extraordinary fees and explain the basis for the amount of extraordinary fees awarded. On remand, given that the local rules do not require a hearing, we leave it to the discretion of the juvenile court as to whether a hearing is necessary to comply with this court's mandate on remand. *See Bayus v. Bayus*, 11th Dist. Trumbull No. 2011-T-0062, 2012-Ohio-1462, ¶ 28 (where local rule governing guardian ad litem's compensation did not require an oral hearing before the trial court awarded fees, it was within the trial court's discretion to award fees without an oral hearing).

{¶ 17} Sharkin's assignment of error is sustained.

{¶ 18} Judgment reversed; remanded for the juvenile court to reconsider Sharkin's motion for extraordinary fees and explain the basis for the amount of extraordinary fees awarded.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the Cuyahoga County Common Pleas Court, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

SEAN C. GALLAGHER, P.J., and
PATRICIA A. BLACKMON, J., CONCUR