[Cite as *In re C.P.*, 2021-Ohio-4522.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE C.P.

A Minor Child

[Appeal by Guardian ad Litem, Michael Telep]

:
:
:
:
:
:
:

No. 110663

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** December 23, 2021

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL-19-113405

***Appearances:***

Michael B. Telep, *pro se.*

MARY J. BOYLE, A.J.:

{¶ 1} Appellant, guardian ad litem ("GAL") Michael Telep, appeals an order of the juvenile court denying his motion for extraordinary fees. He raises one assignment of error for our review:

> The trial court abused its discretion when it summarily denied the guardian ad litem's motion for extraordinary fees after finding that GAL legal services were reasonable and necessary and while granting a substantial part of appointed counsel's motion for extraordinary fees in the same case.

{¶ 2} Finding merit to the assignment of error, we reverse the juvenile court's judgment and remand for the juvenile court to reconsider Telep's motion for extraordinary fees and explain the basis for its fee award.

## I. Procedural History and Factual Background

{¶ 3} In November 2019, the state filed a complaint against C.P. (d.o.b. July 20, 2002) in juvenile court with 11 counts: 2 counts of aggravated murder in violation of R.C. 2903.01(B), unclassified felonies; 2 counts of murder in violation of R.C. 2903.02(B), unclassified felonies; 1 count of attempted aggravated murder in violation of R.C. 2903.01(B), a first-degree felony; 3 counts of felonious assault in violation of R.C. 2903.11(A)(1), second-degree felonies; and 3 counts of felonious assault in violation of R.C. 2901.11(A)(2), second-degree felonies. All counts included one- and three-year firearm specifications. The state filed (1) a notice of mandatory bindover and request for probable cause hearing and (2) a motion for an order to relinquish jurisdiction for the purpose of criminal prosecution pursuant to R.C. 2152.10(B) and for a preliminary hearing.

{¶ 4} Eleven months later, in October 2020, a juvenile court magistrate held an arraignment hearing, and C.P. denied all the allegations against him. Although the state's complaint listed two parents for C.P., the magistrate's order provides that no parent or guardian appeared at the hearing.

{¶ 5} In January 2021, the juvenile court issued an order appointing Telep as C.P.'s GAL. The order provided that Telep could inspect and copy records related to C.P., shall be notified of any hearings and proceedings concerning C.P., and shall

comply with the Rules of Superintendence for the Courts of Ohio. The order stated that upon the completion of Telep's services, he must submit an itemized statement of his services and "all other documentation" pursuant to the Assigned Counsel and GAL fee policy and Loc.R. 15(D) of the Cuyahoga County Court of Common Pleas, Juvenile Division ("Cuyahoga C.P. Loc.Juv.R.").

{¶ 6} On April 28, 29, and 30, 2021, the juvenile court held a probable cause hearing. The trial court's journal entries state that Telep appeared all three days.

{¶ 7} In May 2021, Telep filed a motion for extraordinary fees. He supported the motion with an affidavit, in which he stated that he spent 1.6 hours meeting with C.P. in the Cuyahoga County detention center on April 27, 5.7 hours in court on April 28, 5.6 hours in court on April 29, and 8.1 hours in court on April 30. He also attached to his motion a motion for appointed counsel/GAL fees, which included an itemized fee statement that he spent 5.5 hours out of court (1.6 hours on April 27, 1.8 hours on April 28, 1.1 hours on April 29, and 1 hour on April 30) and 19.4 hours in court. Telep requested a total of $1,494.00 in fees.

{¶ 8} In June 2021, the juvenile court issued a journal entry finding no probable cause to believe that C.P. committed the acts that would be the crimes of aggravated murder (two counts) or attempted aggravated murder (one count) if committed by an adult. The juvenile court dismissed those counts. The juvenile court did find probable cause to believe that C.P. committed the acts that if committed by an adult would be crimes of murder in violation of R.C. 2903.02(B)

(two counts), felonious assault in violation of R.C. 2903.11(A)(1) (three counts), and felonious assault in violation of R.C. 2901.11(A)(2) (three counts). The juvenile court also found probable cause that C.P. used a firearm to facilitate all eight offenses. The juvenile court found that C.P. was charged with "a category one offense" and was 17 years old at the time of the offenses, and the juvenile court transferred the matter to the general division of the Cuyahoga County Common Pleas Court pursuant to R.C. 2152.12. The trial court also dismissed as moot the state's motion for an order to relinquish jurisdiction.

{¶ 9} Also, in June 2021, the juvenile court denied Telep's motion for extraordinary fees. The journal entry states that "[t]his matter came on for [h]earing this 9th day of June, 2021" upon Telep's motion. The journal entry further provides, "Upon due consideration, the court finds that counsel performed the legal services set forth in the motion and itemized statement and that the services are reasonable and necessary. The motion is denied and the standard fee in the amount of $250 is approved."

{¶ 10} A week later, C.P.'s appointed counsel filed a motion for extraordinary fees, explaining that she had invested approximately 100 hours in reviewing a substantial amount of discovery, meeting with C.P., preparing for the probable cause hearing, and participating in the three-day hearing. She attached to her motion an itemized fee statement showing 22 hours of in-court time, which included 6 hours on April 28, 6.5 hours on April 29, and 8 hours on April 30. The statement also included 92.1 hours of out-of-court time. She requested a total of $4,784 for her

time, plus $644.35 in discovery-related expenses.  Later in June 2021, the juvenile court granted appointed counsel's motion, finding that the services she performed were "reasonable and necessary."  The juvenile court awarded her $2,094.35.

{¶ 11}  In July 2019, Telep timely appealed from the juvenile court's order denying his motion for extraordinary fees.[1]

## II.  Law and Analysis

{¶ 12}  In his sole assignment of error, Telep argues that the juvenile court abused its discretion in denying his motion for extraordinary fees.  He maintains that the court found that the services he provided were "reasonable and necessary" and that the court granted a "substantial part" of C.P.'s assigned counsel's motion for extraordinary fees.  He also contends that the juvenile court did not hold a hearing on his motion for extraordinary fees even though its judgment entry denying his motion stated that it held a hearing on June 9, 2021.

{¶ 13}  We review a juvenile court's order regarding compensation to a GAL for abuse of discretion.  *In re I.A.G.*, 8th Dist. Cuyahoga No. 103656, 2016-Ohio-3326, ¶ 22; *Robbins v. Ginese*, 93 Ohio App.3d 370, 372, 638 N.E.2d 627 (8th Dist.1994); *Beatley v. Beatley*, 5th Dist. Delaware No. 03CAF02010, 2003-Ohio-4375, ¶ 7; *Longo v. Longo*, 11th Dist. Geauga No. 2013-G-3175, 2014-Ohio-4880, ¶ 18.  A court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

---

[1] No appellee brief was filed.

{¶ 14} Cuyahoga C.P. Loc.Juv.R. 15(D) provides for the compensation of GALs in juvenile cases. When Telep was appointed as C.P.'s GAL in January 2021, the rule provided, in relevant part:

> (8) In cases where the State is ordered to pay Guardian ad Litem fees, upon the filing of Form OPD-206R, compensation to the Guardian ad Litem shall be paid in accordance with the Cuyahoga County Juvenile Court Fee Bill Policy and Fee Schedule in effect at the time the Guardian ad Litem was appointed. The Guardian ad Litem shall be compensated at the authorized rate for in-court and out-of-court time, not to exceed the maximum fee cap in effect at the time of acceptance of the assignment.
>
> * * *
>
> (11) It shall be the responsibility of the Guardian ad Litem to file in triplicate (an original plus two copies) a completed and signed Form OPD-206R and to meet all requirements of the Cuyahoga County Juvenile Court GAL Fee Bill Policy in effect at the time the fee bill is filed.[2]
>
> (12) If a Guardian ad Litem files a Motion for Extraordinary Fees with the Clerk of Court, it shall be referred to the assigned judge for review and approval of payment.

{¶ 15} Pursuant to the fee schedule in effect in January 2021, the hourly rate for in-court time was $50, the hourly rate for out-of-court time was $40, and the maximum fee was $250.[3] Cuyahoga County Court of Common Pleas, Juvenile Division, Revised Fee Schedule (effective Sept. 1, 2008); *see also* Loc.R. 33(II)(B) of

---

[2] In October 2021, this section was revised to no longer require three copies of Form OPD-206R.

[3] The fee schedule was revised on February 23, 2021, and the revised schedule sets an hourly rate for both in-court and out-of-court time at $60, with a maximum fee of $250. However, Telep was appointed C.P.'s GAL before this version became effective. Therefore, the September 2008 version applies here.

the Cuyahoga County Court of Common Pleas, General Division ("Cuyahoga C.P. Loc.R.") (assigned counsel fee schedule effective Feb. 1, 2014).

{¶ 16} Furthermore, the Cuyahoga County Juvenile Court Assigned Counsel and GAL Fee Bill Policy in effect in January 2021 states the following:

XI. Extraordinary Fees

A. Payments in excess of the fees indicated in the schedule will be considered only if the attorney files a Motion for Extraordinary Fees along with the Motion for Appointed Counsel Fees.

B. To be considered, the Motion for Extraordinary Fees must be attached to the Motion for Appointed Counsel Fees.

C. Pursuant to a recommendation made by the Court Services Director, the Motion for Extraordinary Fees will be ruled upon by the Administrative Judge.

Revised Assigned Counsel and GAL Fee Bill Policy (effective July 11, 2008); *see also* Cuyahoga C.P. Loc.R. 33(II)(B) ("The compensation to be paid for such services shall not exceed the amount listed in the compensation schedule except in extraordinary cases when upon motion it shall be determined by the trial judge, the administrative judge and another judge to authorize additional payment. The motion should set forth in detail the basic reasons [for] such request, the amount in excess of the fee schedule requested and an itemized statement of services rendered. Motions for extraordinary compensation shall be filed simultaneously with the usual affidavit and entry for assigned counsel fees. Individuals appointed as Guardian Ad Litem may request payment of fees exceeding this schedule using the above procedure.").

{¶ 17} In support of his argument that the trial court abused its discretion in denying his motion for extraordinary fees, Telep relies on *In re J.B.*, 8th Dist. Cuyahoga No. 109161, 2020-Ohio-1121. In *In re J.B.*, a GAL appointed in 2017 to represent a minor child in a permanent custody proceeding filed a motion for extraordinary fees, seeking a total of $2,673. *Id.* at ¶ 4. Pursuant to the applicable fee schedule (the same version applicable in Telep's case, effective September 2008), the maximum fee that the GAL could receive in the permanent custody proceeding was $500. *Id.* at ¶ 10. The GAL did not explain why he thought the case warranted extraordinary fees or support his motion with anything other than the hours he spent in and out of court on specific dates. *Id.* at ¶ 18. The juvenile court found that his services were "reasonable and necessary," granted the motion, but approved only $750 of total fees. *Id.* at ¶ 5. On appeal, this court reversed and remanded for the juvenile court to reconsider the motion and explain the basis for its fee award. *Id.* at ¶ 18. We applied Cuyahoga C.P. Loc.Juv.R. 15(D), Cuyahoga C.P. Loc.R. 33(II)(B), and the GAL Fee Bill Policy effective July 2008. We explained that the juvenile court may have had a "myriad of reasons" for finding extraordinary fees were warranted but awarding only $750. *Id.* at ¶ 16. But "without any explanation of the basis or reasoning behind the juvenile court's decision," we were "unable to conduct a meaningful review of that decision." *Id.*

{¶ 18} This court later distinguished *In re J.B.* and affirmed the denial of a motion for extraordinary fees even though the juvenile court did not provide an explanation. *In re M.H.*, 8th Dist. Cuyahoga No. 110395, 2021-Ohio-2777. In *In re*

*M.H.*, the appellant was assigned in 2020 as legal counsel to represent a minor child in two juvenile cases. *Id.* at ¶ 2. Assigned counsel filed a motion for extraordinary fees, explaining why the unique circumstances of the case required an "extraordinary amount" of services. *Id.* at ¶ 4. The trial court denied her motion, stating, "[u]pon review of the [c]ourt file and the [m]otion, the [c]ourt finds said motion is not well taken. It is therefore ordered that said [m]otion is denied." *Id.* at ¶ 6. Assigned counsel, relying in part on *In re J.B.*, argued that the juvenile court erred because it did not explain why it denied her motion. *Id.* at ¶ 15. We disagreed and affirmed the trial court's judgment. *Id.* at ¶ 30. We explained that unlike in *In re J.B.*, the juvenile court did not find that extraordinary fees were warranted, and there was no discrepancy in the juvenile court's judgment. *Id.* at ¶ 17.

{¶ 19} The present case is more like *In re J.B.* than *In re M.H.* because there is a discrepancy in the juvenile court's judgment denying Telep's motion for extraordinary fees. Like in *In re J.B.*, the juvenile court found that the services Telep performed were "reasonable and necessary." Based on the record before us, it makes sense that the juvenile court would find Telep's services reasonable and necessary given the serious aggravated murder charges against C.P. and the three-day probable cause hearing. But the juvenile court provided no explanation why it was nonetheless declining to award Telep any extraordinary fees. The fact that the trial court did grant C.P.'s appointed counsel's motion for extraordinary fees highlights the discrepancy in the juvenile court's judgment denying Telep's motion. Without an explanation for why the juvenile court denied Telep's motion even though it

found that the services he performed were "reasonable and necessary," we cannot conduct a meaningful review of the decision. *See In re J.B.* at ¶ 16.

**{¶ 20}** Accordingly, we find the juvenile court abused its discretion. We reverse the juvenile court's decision and remand for the juvenile court to reconsider Telep's motion for extraordinary fees and explain the basis for its award. We acknowledge that the juvenile court's journal entry denying Telep's motion states that it held a hearing on the motion, but Telep asserts that the juvenile court held no such hearing. Although Cuyahoga C.P. Loc.Juv.R. 15(D)(5) requires the juvenile court to conduct a hearing "upon motion for Guardian ad Litem fees to be paid by the parties," the rule does not require a hearing where, as here, the state is responsible for the GAL fees. *See In re J.B.* at ¶ 14. Accordingly, on remand, we leave to the juvenile court's discretion whether to hold a hearing on Telep's motion. *See id.*

**{¶ 21}** We sustain Telep's sole assignment of error.

**{¶ 22}** Judgment reversed and remanded for the juvenile court to reconsider Telep's motion for extraordinary fees and explain the basis for its fee award.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, ADMINISTRATIVE JUDGE

SEAN C. GALLAGHER, J., and
MICHELLE J. SHEEHAN, J., CONCUR